LULU BRAND, Defendant in Error, *vs.* FRANK C. BRAND, Plaintiff in Error.

*Opinion filed December 21, 1911.*

1. CONSTITUTIONAL LAW—*constitutional objection not affecting the objector cannot be urged.* An objection that section 11 of chapter 68 of the Revised Statutes, relating to husband and wife, is unconstitutional in so far as it applies to persons in the penitentiary, cannot be urged by a person who is not a member of that class and whose rights are in nowise affected by alleged infringement of the rights of members of such class.

2. SAME—*rights and duties of husband and wife are subject to statutory enactment.* Persons entering into the marriage relation assume duties and obligations in which the State is interested and which it may enforce, as it is essential to the welfare of society that the family shall be cared for and supported, its integrity be maintained and its members prevented from becoming objects of charity or a public charge.

3. SAME—*section 11 of act concerning husband and wife imposes no new duties.* Section 11 of the act concerning husband and wife, which makes the property of a husband or wife who abandons the other and moves to another State and remains away a year chargeable with the expenses of the family and the education of the children, imposes no new duties, as the law charges such expenses upon the property of both husband and wife though they remain in the State.

4. SAME—*section 11 of the act concerning husband and wife is not unconstitutional.* Section 11 of the act concerning husband and wife, which provides that where a husband or wife abandons the other and moves to another State and remains away a year his or her property shall be chargeable with the expenses of the family and the education of the children, is not unconstitutional.

5. WORDS AND PHRASES—*words "suit" and "action" are, in general sense, synonymous.* In a comprehensive sense and as a general rule the words "suit" and "action" are synonymous and are used interchangeably to mean any legal proceeding in a court for the enforcement of a right, and it is only where there is nothing requiring a different construction that the word "action" can be limited to proceedings at law.

6. JURISDICTION—*section 11 of the act concerning husband and wife authorizes service of summons by publication.* The proceeding contemplated by section 11 of the act concerning husband and wife is for the purpose of subjecting property within the jurisdic-

tion of the court to the support and maintenance of the abandoned husband or wife and the family and not for the recovery of a personal judgment, and the service by publication under the Chancery act was the service intended by the requirement that "notice of the proceedings shall be given as in ordinary actions."

7. HUSBAND AND WIFE—*the purpose of section 11 is not to take the property of one and give it to the other.* The purpose of section 11 of the act concerning husband and wife is to authorize the abandoned spouse to manage, control, sell and encumber the property of the other as shall be necessary, in the judgment of the court, for the support and maintenance of the family and for the purpose of paying debts of the other or debts contracted for the support of the family, and it was not its purpose to take the property of the abandoning spouse and give it to the abandoned one.

8. SAME—*court should ascertain, by hearing evidence, what is necessary for needs of abandoned spouse.* In a proceeding by an abandoned spouse, under section 11 of the act concerning husband and wife, for authority to manage, encumber or sell the property of the other, the court must determine, by hearing evidence, what amount is needed and must make such orders as are necessary for the protection of the rights of both parties, and it is error to give the property to the abandoned spouse by authorizing her to sell or encumber it and receive the proceeds without restriction.

9. SAME—*court should ascertain how much is necessary for a solicitor's fee.* A solicitor's fee is a necessary expense in securing the rights of an abandoned spouse under section 11 of the act concerning husband and wife, and is to be classed as an expense incurred for the maintenance of the family, but it is the duty of the court to ascertain how much is necessary for that purpose.

WRIT OF ERROR to the Circuit Court of Carroll county; the Hon. OSCAR E. HEARD, Judge, presiding.

RALPH E. EATON, for plaintiff in error.

JOHN O. KERCH, (CHARLES E. STUART, of counsel,) for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On February 23, 1909, the plaintiff in error, Frank C. Brand, and the defendant in error, Lulu Brand, were married in Carroll county. As soon as the marriage ceremony

was completed the plaintiff in error left and abandoned the defendant in error and removed from the State, and has since lived in the city of Clinton, in the State of Iowa. He never furnished a home for her or provided in any manner for her support and maintenance or that of the child which was born soon after the marriage. Under the will of his father he was the owner of an undivided one-third interest in a farm of about one hundred and ninety acres in Carroll county, subject to an estate for life or during widowhood in his mother, Ella Brand. On April 11, 1911, the defendant in error filed her petition in the circuit court of Carroll county against the plaintiff in error, alleging the above facts and that the farm was worth $25,000, and praying the court for authority to manage, control, sell and encumber said property as might be necessary for her support and maintenance and for the purpose of paying debts contracted for the support of herself and their child. Upon the filing of the petition the court entered an order restraining the plaintiff in error from alienating, conveying or encumbering his interest in the real estate. Service was had to the June term, 1911, of the court by publication of notice in the manner provided for service upon non-residents in chancery. The plaintiff in error was defaulted and proof was made of the facts alleged in the petition, and also that the petitioner had no means of support and worked for a living, doing housework for neighbors, being assisted by her parents, who paid doctor's bills and other expenses. It was also shown that a few days before the hearing the defendant had executed a quit-claim deed to his mother of his interest in the real estate. The court thereupon entered a decree in the following language: "That the petitioner, Lulu Brand, be and she is hereby authorized and empowered to sell and encumber the interest of the defendant, Frank C. Brand, in the above described real estate, to-wit, [describing property,] for the purpose of supporting herself and family and for paying debts contracted for the

support of the defendant's said family and for costs and expenses by her in this behalf expended, including her solicitor's fees. It is further ordered that the petitioner pay the costs of this proceeding out of the proceeds of the sale or encumbrance so placed by her upon said premises." The record has been brought to this court in return to a writ of error.

The argument for the plaintiff in error is under three heads: First, that section 11 of chapter 68 of the Revised Statutes of 1874, authorizing the proceeding, is unconstitutional and void; second, that the court had no jurisdiction, because there was no service of summons upon the plaintiff in error; and third, because the decree is unjust and inequitable.

The section is as follows: "In case the husband or wife abandons the other and leaves the State, and is absent therefrom for one year, without providing for the maintenance and support of his or her family, or is imprisoned in the penitentiary, any court of record in the county where the husband or wife so abandoned or not confined resides, may, on application by petition, setting forth fully the facts, if the court is satisfied of the necessity by the evidence, authorize him or her to manage, control, sell and encumber the property of the other, as shall be necessary, in the judgment of the court, for the support and maintenance of the family, and for the purpose of paying debts of the other, or debts contracted for the support of the family. Notice of such proceedings shall be given as in ordinary actions, and anything done under or by virtue of the order or decree of the court, shall be valid to the same extent as if the same were done by the party owning the property."

The objection upon constitutional grounds is, that the section deprives the owner of his property without due process of law by singling out from among offenders, in general, against marital rights and duties two classes of individuals without any apparent reason and depriving them

of their property. One class consists of those who are confined in the penitentiary, but the part of the argument relating to the validity of the section as applied to that class does not require attention for the reason that the plaintiff in error is not a member of the class, and it is only one who is deprived of a constitutional right who can be heard for the correction of the wrong done to him. If under the constitutional requirement of due process of law one who is confined in the penitentiary has a right to be governed by the same rules as residents of the State not in the penitentiary in respect to remedies for the enforcement of marital obligations, the plaintiff in error has not been injured by an infringement of the right.

One who enters into the marriage relation assumes duties and obligations in which the State is interested and which it may enforce. It is essential to the welfare of society and the State that the family should be cared for and supported, its integrity maintained and its members prevented from becoming objects of charity or a public charge, and the relations of husband and wife and their rights and duties are subject to statutory enactment. The General Assembly, in the legitimate exercise of its power, has made it a misdemeanor for a husband to abandon his wife without good cause and neglect and refuse to maintain and provide for her, or to abandon his minor child or children within certain ages and in destitute circumstances. The statute protects the husband and wife from compulsory removal from the homestead unless another suitable homestead is provided, and it gives to married women who without their fault live separate and apart from their husbands, a remedy, in equity, for support and maintenance. The law also charges the expenses of the family and the education of the children upon the property of both husband and wife, and all these provisions are within the legislative power for the purpose of compelling the performance of marital duties. It is true that this section only applies to a husband

or wife who not only abandons his or her spouse, but who has also left the State and been absent therefrom for one year. If the plaintiff in error had remained in this State his property would have been chargeable with the expenses of the family and the education of the children, and the section imposes no new duty upon him. The expenses of the family are chargeable upon the property of both husband and wife, but where the owner is out of the State no personal liability could be enforced by creditors and numerous actions for small amounts would be necessary to reach property. If, as counsel says, plaintiff in error has a constitutional right to live across the State line in Iowa if he prefers to do so, yet if he also prefers to leave his wife and child here and refuses to furnish them a home and support he does not thereby absolve himself from his marital obligations. If he may free himself from a liability to personal judgment by leaving the State, he has no constitutional right to free his property in Carroll county, where he left his wife, from a lawful charge by such an act. The section provides for legal procedure, service of process and a hearing, and there is no want of due process of law.

It is next urged that the section does not authorize service by publication as in chancery but that summons must be personally served on a defendant. The absurdity of attributing to the General Assembly an intention that there should be personal service upon one beyond the limits of the State, where process could not go, is apparent. The argument is based on the language of the section in providing for notice of the proceeding as in ordinary actions, and upon the rule that the word "action" is only applicable to proceedings at law and is not properly applied to a suit in equity. That statement was made in *Mahar* v. *O'Hara*, 4 Gilm. 424, and in a narrow sense it is correct, but it can only be applied where there is nothing requiring a different construction. In a comprehensive sense and as a general rule the words "suit" and "action" are synonymous, and

are used interchangeably to mean any legal proceeding in a court for the enforcement of a right. (1 Cyc. 716; 1 Am. & Eng. Ency. of Law,—2d ed.—578; Webster's Int. Dict.) The term "ordinary actions" was not used in this section to designate an action at law, since in the same sentence the words "order or decree" are used, and the section provides that the court may make an order or decree, which could not be done in any of the ordinary forms of actions at law. While process must ordinarily be served personally upon residents of the State, substituted service by leaving a copy of process at the defendant's residence is provided for in certain classes of cases and is regarded as actual service, and as to non-residents of the State constructive service may be had by publication in actions for enforcement of rights in specific real or personal property which is subject to the jurisdiction of the court. (*Nelson* v. *Chicago, Burlington and Quincy Railroad Co.* 225 Ill. 197.) The proceeding contemplated by this section is for the purpose of subjecting property within the jurisdiction of the court to the support and maintenance of the abandoned husband or wife and the family, and not for the recovery of a personal judgment. The constructive service by publication provided by the Chancery act was the service intended, and was valid and effectual.

The section of the statute is free from any objection made to it, but the court failed to observe its provisions and the last objection must be sustained. The decree simply takes the property of the plaintiff in error and gives it to the defendant in error, which is not the purpose of the statute. The provision is, that if the court is satisfied, by the evidence, of the necessity, it may authorize the abandoned spouse to manage, control, sell and encumber the property of the other as shall be necessary, in the judgment of the court, for the support and maintenance of the family and for the purpose of paying debts of the other or debts contracted for the support of the family. No question con-

cerning paying debts of the plaintiff in error is involved. The court can only exercise judgment as to what is necessary for the support and maintenance of the family and to pay debts contracted for the support of the family, by hearing evidence and providing such amount as in the judgment of the court is necessary. There might be cases where a court could commit to an abandoned spouse the management and control of a farm or income-paying property upon such conditions as would protect the property and the rights of the owner, but it would be contrary to the statute to take the property of one and give it to the other by an authority to sell or encumber it and receive the proceeds. It is not proper, on granting a divorce, to give the wife part of the husband's real estate in fee, where there is no special equity in the particular property in favor of the wife. (*Wilson* v. *Wilson,* 102 Ill. 297.) If the property of the plaintiff in error is to be encumbered, it would be necessary to the protection of his rights that the court should fix the amount of the encumbrance, and if it is to be sold, compliance with the statute would require the court to ascertain its value, the price at which it ought to be sold, the best investment of the proceeds, and any other matter necessary for the protection of the rights of the parties, and it would be necessary, by means of a trustee, or in some other way, to control the fund. It might be necessary to change the amount of the allowance on account of changed conditions of the family. The solicitor's fee is a necessary expense in securing the rights of the petitioner and is to be classed as an expense incurred for the support and maintenance of the family, but the duty is committed to the court to ascertain how much is necessary for that purpose, which involves a determination of the amount which may be paid from the property of the plaintiff in error.

The decree is reversed and the cause remanded.

*Reversed and remanded.*