(No. 11853.—Writ denied.)

THE PEOPLE *ex rel.* Abram D. Gash *et al.* Petitioners, *vs.*
ROBERT M. SWEITZER, County Clerk, *et al.* Respondents.

*Opinion filed December 19, 1917—Rehearing denied Feb. 7, 1918.*

1. CONSTITUTIONAL LAW—*title of act of 1917, for nomination of judges, includes placing names on ballot.* The object of the act of 1917, (Laws of 1917, p. 454,) as expressed in its title, is to provide for the nomination of judges by political parties, and the provision in the body of the act for placing the names of the candidates on the official ballot is merely a means of effectuating the act and is necessarily within the title.

2. SAME—*the act of 1917, for nomination of judges, does not abridge privileges of citizens of the United States.* The fourteenth amendment of the Federal constitution does not limit or affect the right of the States to enact laws on the subject of suffrage and elections where there is no discrimination on account of race, color or previous condition of servitude prohibited by the fifteenth amendment, and the Illinois act of 1917, to provide for the nomination of judges by political parties, does not abridge any privilege or immunity of citizens of the United States.

3. SAME—*act of 1917, for nomination of judges, is not invalid as an irregular amendment of Primary law.* The act of 1917, for the nomination of circuit judges and judges of the superior court of Cook county by political parties, is complete in itself, and the fact that it refers to the Primary law for the definition of a political party and for determining the offices to which the act shall apply does not render it invalid as an amendment of the Primary law in an unconstitutional manner, as the provisions of the two acts are not so intermingled as to make out of the two a single piece of legislation on the same subject.

4. SAME—*act of 1917, for nominating judges, does not violate constitutional provision for free and equal elections.* Precinct and ward committeemen elected at a direct primary election of political parties are the general representatives of the members of such parties, and as members of a county convention for nominating candidates may exercise all the powers of the political party in that regard; and it was within the power of the legislature to provide, in the act of 1917, for the nomination of candidates for judges by a convention composed of such representatives without violating section 18 of article 2 of the constitution, declaring that elections shall be free and equal.

5. SAME—*the act of 1917, for nominating judges, is not a special law regulating county affairs.* The act of 1917, providing for

the nomination by political parties of candidates for circuit judges throughout the State and for judges of the superior court of Cook county, applies to a circuit composed of one or several counties, and is not a special law regulating county affairs.

6. SAME—*whether general law is applicable is a legislative question.* Except in cases where a special law is expressly prohibited, the question whether a general law is applicable is addressed to the legislature, and its conclusion in that regard is not subject to judicial review.

7. SAME—*when a person has no standing to object that a law invades political rights.* One who does not claim to be a member of any political party has no standing to object that a law providing for the nomination by political parties of candidates for office through the means of a county convention of ward and precinct committeemen is invalid as infringing upon the rights of members of the political parties to participate in such nominations.

ORIGINAL petition for *mandamus.*

RICHARD J. COONEY, and RUSH B. JOHNSON, for petitioners.

ALFRED S. AUSTRIAN, for respondent Robert M. Sweitzer, County Clerk.

COLIN C. H. FYFFE, for respondent the Board of Election Commissioners.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

By leave granted, a petition in the name of the People of the State of Illinois was filed in this court by fourteen citizens of Cook county having the necessary qualifications for judges of the superior and circuit courts of that county, alleging that they had been nominated by the petition of legal voters of the county as candidates for the offices of judges of said courts at an election to be held on November 6, 1917, representing the Independent Judiciary political principle; that no primary had been held for the nomination of any candidate for any of said offices to be voted

for at such election; that other persons had been nominated for said offices by the members of the precinct and ward committees of the republican, democratic and socialist parties under an act entitled "An act to provide for the nomination by political parties of judges of the superior court of Cook county and of all circuit judges," approved June 25, 1917, (Laws of 1917, p. 454,) and that the county clerk of Cook county and the board of election commissioners of the city of Chicago had refused to print upon the official and sample ballots required by law the names of the relators as candidates for said offices and intended to print on said ballots the names of various candidates nominated by the precinct and ward committeemen. The petition charged that the act under which other persons were nominated was in conflict with various provisions of the constitution and therefore void, and the relators prayed for a writ of *mandamus* directed to the county clerk and board of election commissioners directing them to have printed on the sample and official ballots, under the title "Independent Judiciary," the names of the relators, and that such ballots, with the names of the relators alone printed thereon, should constitute the only legal and official ballots. The defendants stipulated that they would print upon the ballots the names of the relators, and filed their general and special demurrer to the petition. The defendants having stipulated to print the names of the relators on the ballots a writ for that purpose was not required, and the remaining question, whether the act of 1917 conflicts with the provisions of the constitution, was argued by counsel and the cause submitted on the demurrer. The writ of *mandamus* was denied, and the reasons for the denial were to be stated in an opinion to be thereafter filed.

The act adopts the definition of a political party contained in section 2 of the act entitled "An act to provide for the holding of primary elections by political parties," in force July 1, 1910, and provides that candidates for the

offices of judges of the circuit courts throughout the State, and judges of the superior court of Cook county, shall be nominated by the members of the county convention of such party as created by section 10 of the said Primary act, as amended by an act in force July 1, 1913. The act also fixes the place for holding the convention, the number of votes to which each delegate shall be entitled, and provides for a call for the convention by the chairman of the county central committee of the political party. It provides for certifying nominations made by the convention to the Secretary of State and by him to the county clerk, and that the names so certified shall be placed upon the official ballot to be voted at the election.

The petition sets forth five grounds for the claim that the act violates constitutional rights. The first, which charges that the act embraces matter not expressed in the title, in violation of section 13 of article 4 of the constitution, and the fifth, which charges that it violates section 1 of the fourteenth amendment of the constitution of the United States, require but little attention. The matter which it is contended is not expressed in the title is the provision that the names of the candidates shall be placed upon the official ballot. The object of the act, expressed in the title, is to provide for the nomination of judges by political parties, and the placing of the names of the candidates on the official ballot is merely prescribing a method of effectuating the purpose of the act and was necessarily included in it. (*People* v. *McBride,* 234 Ill. 146; *People* v. *Sayer,* 246 id. 382; *Riggs* v. *Jennings,* 248 id. 584; *Hoyne* v. *Ling,* 264 id. 506.) The fourteenth amendment of the Federal constitution does not limit or affect the right of the State to enact laws on the subjects of suffrage and elections where there is no discrimination on account of race, color or previous condition of servitude prohibited by the fifteenth amendment, and therefore the act does not abridge any privilege or immunity of citizens of the United States.

*Taylor* v. *Beckham,* 178 U. S. 548; *Pope* v. *Williams,* 193 id. 621.

The second ground alleged by relators is that the act violates said section 13 of article 4 of the constitution by attempting to amend the above mentioned Primary act, and also the Ballot act of 1891 for the printing and distribution of ballots at public expense, without setting forth the sections attempted to be amended. So far as the election of judges of this court and circuit judges throughout the State is concerned, the act does not, even by implication, modify any other act. The Primary act having fixed a limitation as to time for holding the primary which is impossible of performance, all judges throughout the State elected in June are to be nominated by conventions under the Ballot act of 1891. (*People* v. *Sweitzer,* 266 Ill. 459.) The act of 1917 creates uniformity in the manner of nominating candidates for judges by bringing within the same law judges of the superior court of Cook county elected in November. The act is complete in itself and merely refers to the Primary act for determining the particular offices to which it applies and requiring that the nominations shall be made at the convention of a political party, as created by section 10 of that act. The Primary act is not altered in any particular, but by reference some of its provisions are made a part of this act, which is unobjectionable. So far as the nomination of candidates for judges is concerned, the provisions of the two acts are not so intermingled as to make out of this act and the Primary act a single piece of legislation covering the same subject. The act is not subject to this objection. *People* v. *Crossley,* 261 Ill. 78; *Scown* v. *Czarnecki,* 264 id. 305; *Mortell* v. *Clark,* 272 id. 201; *Zeman* v. *Dolan,* 279 id. 295.

The third reason for claiming the act unconstitutional is that section 18 of article 2 of the constitution, which declares that all elections shall be free and equal, is violated because it attempts to authorize the precinct and ward com-

mitteemen to constitute the convention to nominate judges and deprives all other members of the political parties from participating in the nomination. The relators are not members of a political party but allege that they represent the principle of "Independent Judiciary," and no right which they have or claim is infringed upon in any manner. No member of any political party is complaining that the General Assembly has conferred upon the members of the county convention powers which could not be lawfully exercised because not authorized when the members of the convention were chosen, and therefore they are not entitled to raise that question. (*Brand* v. *Brand,* 252 Ill. 134; *People* v. *Whittemore,* 253 id. 378; *People* v. *O'Brien,* 273 id. 485; *People* v. *McBride, supra.*) Nevertheless, we have given full consideration to the objection and discover no reason why the General Assembly might not include within the powers of the convention the nomination of candidates not provided for when the precinct and ward committeemen were elected. They are elected at a direct primary election of their respective political parties in which each member of the party is entitled to exercise his choice, and they are made the legal representatives of their respective parties. They are elected as the general representatives of the members of the party, and collectively they constitute the county convention for nominating candidates and may exercise all the powers of the political party in that regard.

The fourth reason advanced by the relators is that section 22 of article 4 of the constitution is violated. That section prohibits special laws regulating county affairs and provides that no special law shall be passed where a general law is applicable. Whether a general law is applicable, except in cases where such a law is expressly prohibited, is a question addressed to the General Assembly, alone, and its conclusion is not subject to judicial review. (*Owners of Lands* v. *People,* 113 Ill. 296; *People* v. *Thompson,* 155 id. 451; *Sanitary District* v. *Ray,* 199 id. 63.) County affairs

are not regulated by the act, which applies to a circuit constituting one or several counties or to a district composed of many counties, and it is not subject to that objection.

The act being found free from constitutional objection, the writ was denied.                         *Writ denied.*