---

(No. 13742.—Reversed and remanded.)
RUTH M. HOLLAN *et al.* Appellees, *vs.* LOLA E. KEPNER, Appellant.

*Opinion filed April 21, 1921.*

1. PLEADING—*when a cross-bill is proper.* A cross-bill must be germane to the original bill, must be concerned with the same subject matter and must be between the same parties, and a cross-bill is proper whenever it is necessary to adjust all the equities between the parties connected with the subject matter of the original bill, where such equities entitle the defendants to affirmative relief which they cannot otherwise obtain.

2. PARTITION—*when question as to rights of deserted wife is properly raised by supplemental cross-bill.* Where the decree in a partition suit, in which a husband and wife are defendants, reserves the matter of partitioning the premises until further order of court, a supplemental cross-bill by the wife after she has been deserted by the husband is proper to set up her rights, under section 11 of the Husband and Wife act, in the husband's interests under the decree, and the court has jurisdiction to proceed with the hearing on the supplemental cross-bill where the attorneys of the parties to the original suit are before the court.

3. ATTORNEY AND CLIENT—*notice to attorney is notice to his client.* After an attorney has entered his appearance for his client, unless there is a withdrawal of record by leave of court, the relation of attorney and client continues until the end of the litigation, and notice to the attorney is notice to the client.

APPEAL from the Circuit Court of Fayette county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

ALBERT, WEBB & ALBERT, for appellant.

Mr. JUSTICE CARTER delivered the opinion of the court:

An original bill was filed in the circuit court of Fayette county by Ruth M. Hollan, for herself and as next friend of her brother, Elmer Kepner, a minor, against Homer C. Kepner and others, in August, 1918. A combined answer and cross-bill was filed by appellant, Lola E. Kepner. After the pleadings were settled a hearing was had and a decree entered allowing the relief prayed for in the cross-bill. No further action as to this decree was taken in court until August 23, 1920, when appellant filed in said proceeding what might be termed a supplemental or second cross-bill, asking for certain relief. This second cross-bill was orally demurred to by appellees and the demurrer sustained, and a decree was entered dismissing the supplemental cross-bill for want of equity, with costs against appellant. From that decree this appeal was taken.

The original bill alleges that in January, 1912, Zella Kepner died intestate, owning in fee lot 4 and the west 25 feet of lot 3, in block 1, in Brown's addition to Brownstown, in said county, and that she left Homer C. Kepner, her husband, and her children, Ruth M. Hollan and Elmer Kepner, as her only heirs; that she purchased said property with her own money, but the deed to lot 4 was made to her and her husband jointly and the deed to the west 25 feet of lot 3 was made to the husband. It appears from the record that the premises were occupied as a homestead by Mrs. Kepner and her husband at the time of her death, and apparently Kepner continued to reside there until shortly after he was married to appellant, Lola E. Kepner. He and his second wife lived in the homestead premises for a time but later moved to another county and rented the premises to John Hollan, the husband of Kepner's daughter by his first wife, and Hollan and his wife were tenants in possession of the property at the time the original bill was filed. On the first hearing, after the combined answer and cross-bill had been filed by appellant, a

decree was entered finding that Homer Kepner was the owner in fee of all of the west half of lot 3 and an undivided half of lot 4; that Ruth M. Hollan and Elmer Kepner each owned an undivided one-fourth interest in lot 4; that Homer Kepner had a dower and homestead interest in all of the premises, and that Lola E. Kepner had the right to enjoy the occupancy of the homestead until Homer Kepner provided her with another homestead. The decree further found that the Hollans were required to deliver possession to Lola E. Kepner, and it reserved the matter of partitioning the premises until the further order of court. In the second or supplemental cross-bill appellant set out therein the facts as just stated with reference to the ownership of the property, the pleadings and the decree entered under the first cross-bill, and further alleged that the Hollans delivered possession of the premises to her under the decree, and that thereafter her husband deserted her and left the · State and has failed to contribute to her support and that she has maintained herself by her own earnings since his desertion, and alleged further that her husband was obligated to pay for the care and custody of her child by him. The prayer of this second or supplemental cross-bill was for partition, and that in the event of such partition the part set off to Homer C. Kepner be ordered by the court to be placed in the care and custody of appellant, with power and right to sell or mortgage the same to raise money for her support and that of her child, and further prayed that if there should be a money decree on account of the premises being incapable of division, the court direct that the amount that would otherwise go to Homer C. Kepner be paid to her for the support of herself and child. As stated, the second cross-bill was dismissed on oral demurrer for want of equity, at the appellant's costs.

Appellees have filed no brief in this cause, and it is somewhat difficult from the record before us and the brief

filed for appellant to ascertain just what issues are involved in this appeal and why the trial court dismissed the supplemental cross-bill.

It is insisted by counsel for appellant that she is entitled to relief in this proceeding under the provisions of sections 3 and 11 of the Illinois statute on husband and wife. Section 3 provides that "when the husband has deserted his family, the wife may prosecute or defend, in his name, any action which he might have prosecuted or defended." (Hurd's Stat. 1919, p. 1656.) Section 11 provides: "In case the husband or wife abandons the other and leaves the State, and is absent therefrom for one year, without providing for the maintenance and support of his or her family, * * * any court of record in the county where the husband or wife so abandoned * * * resides, may, on application by petition, setting forth fully the facts, if the court is satisfied of the necessity by the evidence, authorize him or her to manage, control, sell and incumber the property of the other, as shall be necessary, in the judgment of the court, for the support and maintenance of the family." This court construed this last section in *Brand v. Brand,* 252 Ill. 134, and held that the act was constitutional; that the court, under the act, was authorized to grant authority to the wife to manage, incumber or sell the property of the husband; that the court must determine what amount is needed, and must make such orders as are necessary for the protection of the rights of both parties; that it is error to give the property to the abandoned spouse by authorizing her to sell or incumber the same and receive the proceeds, without restriction; that the matter must be kept in the control of the court and the property controlled under its direction.

We assume from the record the trial court dismissed the second or supplemental cross-bill because it considered that it was without jurisdiction to hear and dispose of the matters set forth therein. It is essential that a cross-bill

must be germane to the original bill. Generally, a cross-bill must be concerned with the same subject matter as the original bill and must be between the parties to the original bill and none others. (10 R. C. L. sec. 263.) A cross-bill is proper whenever it is necessary to do complete justice between all the parties and to adjust all the equities between them connected with the subject matter of the original bill "when the defendants, or any or either of them, have equities arising out of the subject matter of the original suit which entitle them to affirmative relief which they cannot obtain in that suit. As usually stated, its purpose is either to obtain a discovery in aid of a defense to the original bill or to obtain full relief to all the parties touching the matters of such bill." (21 Corpus Juris, 498.)

The trial court rightly held the first cross-bill setting up the homestead rights of the appellant in this case to be germane to the original bill and that said question was properly raised by the cross-bill. The prayer of the second or supplemental cross-bill to have appellant's rights and the rights of her child protected out of her husband's interest in the real estate arises out of the same subject matter as did the original suit, and the same parties are concerned as were parties to the original litigation. There can be no question that in order to do complete justice between all the parties and to adjust all the equities between them connected with the subject matter of the property involved in the original bill, appellant ought to have the rights of herself and her daughter protected out of the interests of the husband in the property. This being so, there can be no question, as the husband had deserted her and had absented himself from the State for more than a year according to the allegations of the supplemental cross-bill, that she was entitled, under the provisions of section 11 of the Husband and Wife act, heretofore quoted from, as construed by this court in *Brand* v. *Brand, supra,* to have such protection. Whether or not she could properly have this hear-

ing under the second or supplemental cross-bill without a service of notice, as required under section 11, is not absolutely clear. The attorneys of the husband and of the husband's children by the first wife were in court when the hearing was had on this supplemental cross-bill. An attorney is authorized to appear and act for his client only in the proceedings which constitute a part of the action. "Employment in the principal case does not authorize him to appear in other proceedings not forming essentially a part of the principal case." (2 R. C. L. 979.) It is the general rule that notice to an attorney is notice to the client and that knowledge of an attorney is knowledge of his client. (6 Corpus Juris, 638.) "The court * * * had jurisdiction of the defendant and of the subject matter of the suit * * * when the order setting aside and vacating the order of dismissal was entered. Notice was necessary, but notice to James Lane Allen, who was defendant's solicitor of record, was notice to the defendant. A solicitor having entered his appearance of record for a client cannot terminate the relation until there is a withdrawal of record by leave of the court, * * * and the relation is not terminated without such withdrawal,—at least so far as the opposite party is concerned,—until the end of the litigation." *Krieger* v. *Krieger,* 221 Ill. 479.

It would seem to follow from these authorities that as the second cross-bill is held to be germane to the subject matter of the original suit, notice to the attorneys of the parties to the original suit would be notice to the parties themselves, and that therefore the court had jurisdiction to proceed in the hearing of the supplemental cross-bill.

The decree of the circuit court will therefore be reversed and the cause remanded for further proceedings in harmony with the views herein expressed and the rules laid down by this court in *Brand* v. *Brand, supra.*

*Reversed and remanded.*