THE PEOPLE *ex rel.* Anton J. Cermak, Petitioner, *vs.* LOUIS L. EMMERSON, Secretary of State, Respondent.

*Opinion filed December 23, 1926.*

1. CONSTITUTIONAL LAW—*legislature must determine whether general law can be made applicable.* Whether a general law can be made applicable, except in cases where a special law is expressly prohibited, is a question addressed to the General Assembly alone, and its conclusion is not subject to judicial review.

2. ELECTIONS—*Judicial Primary act of 1925 is invalid.* While the act of 1925 attempting to provide for a judicial primary for the nomination of superior and circuit judges in Cook county does not violate the constitutional provisions for equality of elections and uniformity in laws relating to the organization of courts and is not invalid as a special or local law, it is so vague and uncertain in its terms, in so far as it applies to circuit judges, that it conveys no meaning and is inoperative and void, and it is repugnant to and inconsistent with other provisions of the election laws; and being void as to circuit judges it cannot stand as to superior court judges.

3. SAME—*Secretary of State cannot be compelled to call convention for nomination of judges in Cook county.* As the act of 1921, as amended in 1925, provides for the nomination by party conventions of judges of the circuit courts "in all counties of the State of Illinois of less than 300,000 inhabitants" it does not apply to Cook county, and the Secretary of State cannot be compelled to call a convention in said county under said act notwithstanding the invalidity of the Judicial Primary act of 1925 but the nomination of judges of the circuit and superior courts in said county must be made pursuant to the Ballot act of 1891.

4. MANDAMUS—*when relator cannot complain of a change in Election law.* Any citizen may apply for a writ of *mandamus* to compel the performance of an alleged public duty, such as the calling of an election, but a relator in Cook county cannot complain of the amendment of 1925 to the act of 1921 whereby the provision for the calling of party conventions for the nomination of circuit judges was made to apply only to counties of less than 300,000 inhabitants, thereby leaving no provision for the calling of such convention in Cook county, notwithstanding the Judicial Primary act of 1925, which attempts to provide for the nomination of such judges in Cook county, is invalid.

323—36

ORIGINAL petition for *mandamus.*

HORACE KENT TENNEY, JAMES M. SHEEAN, and WALTER H. JACOBS, for petitioner.

OSCAR E. CARLSTROM, Attorney General, and S. S. DU-HAMEL, for respondent.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is an original proceeding in *mandamus* brought on the relation of Anton J. Cermak, chairman of the democratic central committee of Cook county, against the Secretary of State, to test the constitutionality of legislation designed to provide one method for nominating circuit judges in the Cook county judicial circuit and another method for nominating circuit judges in all the other judicial circuits. The record consists of the petition for the writ, the answer to the petition, the demurrer to the answer, and the motion to carry the demurrer back to the petition. The relator bases his right to the writ upon the act approved June 27, 1921, which provides for the nomination of candidates for judges of the superior court of Cook county and all circuit judges by party conventions and prescribes the constituent elements of such conventions. Section 3 of the act provides, in effect, that the chairman of the county central committee of each political party in Cook county shall, at least seventy-five days prior to the time such judges are to be elected, file in the office of the Secretary of State a call for the conventions of their respective parties to nominate such judicial candidates as are to be voted for at such election. (Laws of 1921, p. 431.) Respondent bases his refusal to file the call upon the act approved June 30, 1925, which provides, among other things, that "a primary for the nomination of judges of the superior court of Cook county and all circuit court judges in counties of the third

class shall be held six weeks preceding the date of the general election for such offices, respectively." (Laws of 1925, p. 373.) The relator asserts that this act is void.

In their brief the attorneys for the relator say that the act of 1925 is in conflict with section 29 of article 6 of the constitution, which requires that all laws relating to courts and their organization shall be general and of uniform operation, and section 18 of article 2, which provides that all elections shall be free and equal, but they do not point out in their argument in what respect these sections are violated. The act in question is not a law relating to courts or their organization, nor is there anything in the act which prevents every voter within the territory affected from casting his ballot according to his own judgment, or which will in any way render the ballot cast by one elector less effective than that cast by another.

It is also contended that the act contravenes section 22 of article 4, the portion of the section set out in the brief being: "The General Assembly shall not pass local or special laws in any of the following enumerated cases, that is to say: for  *  *  *  regulating county and township affairs;  *  *  *  the opening and conducting of any election, or designating the place of voting;  *  *  *  in all other cases where a general law can be made applicable, no special law shall be enacted." The act in question relates to judicial circuits and not to county affairs, (*People* v. *Sweitzer*, 282 Ill. 171,) and it does not purport to control the opening and conducting of elections, nor does it designate the place of voting. Whether a general law can be made applicable, except in cases where a special law is expressly prohibited, is a question addressed to the General Assembly alone, and its conclusion is not subject to judicial review. (*Board of Trustees* v. *Lincoln Park Comrs.* 282 Ill. 348; *Owners of Lands* v. *People,* 113 id. 296.) The only limitations on the right of the legislature to enact laws governing elections are those found in the constitution, (*People*

v. *Election Comrs.* 221 Ill. 9,) and our attention has been called to no provision in our fundamental law which prohibits the legislation now before us.

The act provides that "all circuit judges in counties of the third class" shall be nominated at a primary election, but it does not define a county of the third class. The only definition of such a county is found in the act concerning fees of public officers, where it is said: "Counties containing a population exceeding one hundred thousand, to-wit: The county of Cook shall belong to, and be known as, counties of the third class." (Smith's Stat. 1925, p. 1333.) When this act relating to fees was last amended, in 1901, the county of Cook was the only county in the State with a population exceeding 100,000, but when the act before us was passed, in 1925, there were at least five counties in the State with a population exceeding 100,000. The attorneys for respondent have not pointed out, nor has our examination of the statutes revealed to us, an instance where the legislature has, in dealing with any other subject matter than fees, classified counties otherwise than according to population. In fixing the salaries of State's attorneys, county judges and county superintendents of schools, and in creating the offices of probate judge, recorder of deeds and county auditor, and in passing legislation which is designed to deal with the affairs of Cook county alone, the legislature has always classified counties according to population. The act in question is so vague and uncertain in its terms, in so far as it applies to circuit judges, that it conveys no meaning and it is therefore inoperative and void. *People* v. *Sweitzer,* 266 Ill. 459.

Section 14 of article 6 of the constitution provides that the judges of the circuit courts of the State shall be elected on the first Monday of June, 1873, and every six years thereafter. The next election of judges of the circuit court of Cook county will be held June 6, 1927. Under the act of 1925 the primary to nominate the candidates for circuit

judges must be held six weeks preceding the date of the judicial election. This will be April 25, 1927. Section 43 of the Primary Election act of 1910 provides, in effect, that in the city of Chicago the registration books shall be revised three weeks preceding a primary election under the direction of the board of election commissioners, "in the same manner as is now provided by law for intermediate registration in cities having boards of election commissioners." (Smith's Stat. 1925, p. 1208.) The date of this revision of the registration books for the judicial primary would be April 4, 1927. Section 6 of article 3 of the act regulating the holding of elections in cities requires the judges who constitute the board of registry in each precinct to return the registers to the office of the election commissioners before noon of the day following this registration. (Smith's Stat. 1925, p. 1166.) The next general election for city officers in the city of Chicago will occur April 5, 1927. The judges of election are by law required to be present at the polls from the time they open in the morning, at six A. M., until they close in the afternoon, at four P. M., and until all the ballots cast are counted. Section 29 of article 3 of the City Election act provides that the judges of election of each precinct shall, on the day preceding any election, call at the office of the election commissioners and receive the two registers of their respective precincts. If the judicial primary is to be held as required by the act of 1925, then under existing laws the judges and clerks of election are required to be at the place of registration from eight o'clock A. M. until nine o'clock P. M. April 4, 1927, for the purpose of registering all qualified voters not before registered and who shall apply in person to be registered, and to return the registers to the office of the election commissioners before noon the next day, and under the City Election act they are required to call for the registration books at the office of the election commissioners during the day of April 4, 1927, and to keep them in their posses-

sion, using them throughout the day of April 5 at the polls during the city election. In other words, the judges and clerks of election are required by law to be in two different places at the same time. This is another example of legislation passed without regard to existing legislation on the same subject. The Judicial Primary act of 1925 is so inconsistent with and repugnant to other provisions of the election laws that it cannot be administered without great practical inconvenience and is therefore void. *People* v. *Sweitzer, supra.*

Judges of the circuit court and one of the judges of the superior court of Cook county are to be elected in June, 1927. Their duties and jurisdiction are the same, and it is evident the legislature would not have provided one method for nominating judges of the circuit court and another for nominating judges of the superior court. The act being void as to one it cannot stand as to the other.

The relator challenges the validity of the act approved July 2, 1925, which provides for the nomination by party conventions of the judges of the circuit courts "in all counties of the State of Illinois of less than 300,000 inhabitants." This legislation does not in any way affect relator and he has no right to complain. *People* v. *Sweitzer,* 282 Ill. 171; *Public Utilities Com.* v. *Chicago and West Towns Railway Co.* 275 id. 555.

Finally it is suggested that relator has no such interest in this litigation as authorizes him to bring the action, but the court has repeatedly held the contrary. (*People* v. *Harris,* 203 Ill. 272; *County of Pike* v. *People,* 11 id. 202.) It is unnecessary to repeat what has already been said on the subject.

The act of 1921 relating to the nomination of circuit judges, as amended by the act of 1925, has no application to the nomination by political parties of judges of the circuit court or of the superior court of Cook county, and so the relator is not entitled to the writ of *mandamus.* Un-

less there is new legislation on the subject, the judges of the circuit court of Cook county and the judge of the superior court of said county who are to be elected at the judicial election on the first Monday of next June will be nominated pursuant to the provisions of the Ballot act of 1891. There being no law in force which provides for the filing of a call for a judicial convention to be held in the county of Cook, the respondent properly refused to file the call deposited with him by the relator.

The writ of *mandamus* is denied.

*Writ denied.*