THE PEOPLE *ex rel.* Robert Scholes, Petitioner, *vs.* LOUIS L. EMMERSON, Secretary of State, Respondent.

*Announced orally April 20, 1927.*

ELECTIONS—*section 10 of Ballot act, authorizing county judges to decide certain contested nominations, is void.* Section 10 of the Ballot act, providing that objections to the nomination papers of officers to be elected in a district less than the State but greater than a county shall be considered by the county judges within the district, is void, in that it is so vague and uncertain in its terms, so incomplete and defective in its provisions, so lacking in means of its enforcement, and the power attempted to be given the board is so arbitrary and unlimited, that it fails to protect the rights of contestants and of the public.

STONE, C. J., took no part.

MOTION for leave to file petition for *mandamus.*

GEORGE JOCHEM, for petitioner.

OSCAR E. CARLSTROM, Attorney General, for respondent.

Mr. JUSTICE DUNN, acting as chief justice, announced the decision of the court:

This is an application for leave to file an original petition for a writ of *mandamus* directing Louis L. Emmerson, as Secretary of State, to refer to the county judges of the counties comprising the fifth supreme judicial district the certificate of nomination of the Hon. Clyde E. Stone for judge of the Supreme Court, filed with the Secretary of State on March 15, 1927, together with the objections filed thereto by the Hon. Robert Scholes, petitioner, for a determination of the validity of such certificate of nomination, as provided by section 10 of "An act to provide for the printing and distribution of ballots at public expense,

and for the nomination of candidates for public offices, to regulate the manner of holding elections, and to enforce the secrecy of the ballot," approved June 22, 1891.

The facts are set forth at length in the petition and the exhibits attached thereto and made a part thereof. From these facts it appears that a judicial convention regularly called was held in the city of Peoria on Tuesday, March 15, 1927, for the purpose of nominating a candidate of the republican party for judge of the Supreme Court of Illinois, to be voted for at an election to be held in the fifth supreme judicial district on Monday, June 6, 1927. Two certificates of nomination of a candidate for judge of the Supreme Court were made. One signed by Omer N. Custer, as chairman, and Cecil C. McEvoy, as secretary, certifying the nomination of Clyde E. Stone was filed in the office of the Secretary of State on March 15, 1927. On March 17, 1927, petitioner, Robert Scholes, offered to the Secretary of State another certificate of nomination signed by Claude Brown, as chairman, and William R. Teece, as secretary, certifying the nomination of Scholes as the candidate for judge of the Supreme Court and requested him to file the same. The Secretary of State refused to accept this certificate of nomination for filing, or to place any filing-mark upon said exhibit, or to issue to Scholes any receipt therefor. On March 25, 1927, there were filed in the office of the Secretary of State objections in writing of Scholes to the certificate of nomination of Stone, alleging that the certificate of nomination was void for many reasons set out at length in the objections. A notice of the filing of these objections was served upon Stone. The petitioner alleges that then and there it became the duty of the Secretary of State, in conformity with the provisions of section 10 of the Ballot act, to transmit the certificate of nomination, together with the objections thereto, to the county judges of the counties comprising the fifth supreme judicial district, but that, notwithstanding his duty in that regard, the Sec-

retary of State has refused, and still refuses, to refer the certificate of nomination of Stone, and the objections thereto, to said county judges.

Section 7 of the Ballot act provides: "Certificates of nomination and nomination papers for the nomination of candidates for offices to be filled by the electors of the entire State, or any division or district greater than a county, shall be filed with the Secretary of State at least thirty days previous to the day of election for which the candidates are nominated." Section 10 of the same act, which is the section in question, provides: "The certificates of nomination and nomination papers being so filed and being in apparent conformity with the provisions of this act, shall be deemed to be valid, unless objection thereto is duly made in writing. Such objections or other questions arising in relation thereto in the case of nomination of State officers, shall be considered by the Secretary of State and the Auditor and Attorney General, and the decision of the majority of these officers shall be final. Such objections or questions arising in the case of nomination for officers to be elected by the voters of a division less than the State and greater than a county, shall be considered by the county judges of the counties embraced in such division, and the decision of a majority of these officers shall be final. * * * In any case where such objection is made, notice shall forthwith be given to the candidates affected thereby, addressed to their places of residence as given in the nomination papers and stating the time and place when and where such objections will be considered."

There are ten counties embraced in the fifth supreme judicial district. The board provided by section 10 to consider the contest with respect to certificates of nomination for such district would consist of the ten county judges of the counties embraced in such district. The legislature in providing this board for the consideration of the objections filed to a certificate of nomination failed to provide

for the organization of such board, for the manner and place of its meeting, and how and to whom the Secretary of State is to transmit the certificate of nomination and the objections filed thereto. It has failed to provide any rules of procedure in the consideration of the objections, to give any authority to summon or swear witnesses or to hear or consider their testimony, or to fix any limitations upon the power of the board to inquire into the validity of the certificate of nomination. A majority of the board is given absolute power to determine the questions arising on the contest, but no provision is made for the determination of the contest if a tie vote results, as might be the case in a contest in the fifth supreme judicial district. The section in question is so vague and uncertain in its terms, so incomplete and defective in its provisions, so lacking in means of its enforcement, and the power attempted to be given to the board is so arbitrary and unlimited, that the rights of the contestants and the rights of the public in such contest cannot be protected, and it is therefore void.

This is not a new question. Similar acts have been brought into question on former occasions, and our decisions in those cases are authority for our action in this case. *People* v. *Emmerson,* 323 Ill. 561; *People* v. *Fox,* 294 id. 263; *People* v. *Sweitzer,* 266 id. 459.

It is apparent from a consideration of the question that the relief asked for cannot be granted, and for that reason application to file the petition for a writ of *mandamus* is denied.                                      *Writ denied.*

Mr. CHIEF JUSTICE STONE took no part in this decision: