Anna Stilo, Appellee, v. James Stilo and H. Kramer & Company, Defendants.
Appeal of H. Kramer & Company, Appellant.

Gen. No. 36,279.

528

Opinion filed May 23, 1933.

McKenna & Harris, for appellant; James J. Mc-Kenna and Abraham W. Brussell, of counsel.

Alfred M. Loeser, for appellee; George Yellen, of counsel.

Mr. Justice Gridley delivered the opinion of the court.

On November 10, 1931, Anna Stilo filed in the circuit court her petition, based upon section 11 of the Husband and Wife Act, Cahill's St. ch. 68, ¶ 11, against her husband, James Stilo, as sole defendant. After setting forth her marriage to him on June 18, 1919, the birth of three children still of tender years and her residence in Chicago, she alleged that about November 8, 1930, he deserted and abandoned her and the children

and left the country, and is now living in Italy as she is informed and believes; that she has no property; that what she has earned has not been sufficient for the children's proper support and she is in a "necessitous condition"; that about April 1, 1929, Stilo sustained "an accidental injury to his right leg and chest," while working for his employer (H. Kramer & Co.), and for a considerable time thereafter was unable to perform any work or labor; that he filed a petition with the Illinois Industrial Commission, case No. 152314, entitled *James Stilo v. H. Kramer & Co.;* that after a hearing an award of an arbitrator was made on November 25, 1929, under section 19 (b) of the Illinois Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 219, which award stated that "the period of temporary total disability still existed at the date of the award"; that under the provisions of the section H. Kramer & Co. was required to pay to James Stilo certain moneys for the permanent as well as for the temporary disability to his leg; that after the making of said award of November 25, 1929, and during the period of disability, "negotiations were conducted," and Stilo's claim against H. Kramer & Co. "was settled" by its duly authorized agents for the sum of $1,500, but that pending a final settlement, Stilo abandoned petitioner and the children, left the country and has not since returned; that the claim or right of action of Stilo, or the settlement, is a "property right"; and that the proceedings before the industrial commission "are still pending." The prayer of the petition, in addition that Stilo answer it, but not under oath, is: "That this court authorize petitioner to manage, control, sell and encumber the property of James Stilo as shall be necessary, in the judgment of the court, for the support and maintenance of his family and for the purpose of paying the debts contracted for the support of the family and paying the debts of said Stilo;

that the costs and expenses in this behalf (including her solicitor's fees) be paid out of said property; . . . and that petitioner may have such other and further relief as equity may require.''

On December 14, 1931, on petitioner's motion, the court ordered that H. Kramer & Co. be made an additional party defendant to the petition; that it be amended by adding a new allegation (viz., ''that H. Kramer & Co. now holds and is the custodian of said settlement moneys for this complainant''). Thereafter H. Kramer & Co. (hereinafter called Kramer & Co.) appeared and filed a demurrer to the petition, and upon it being overruled Kramer & Co. filed an answer to the petition. Service was had on James Stilo by publication but he did not appear, and the petition was taken as confessed as to him.

In the answer of Kramer & Co., filed March 15, 1932, it admitted that on the hearing of Stilo's petition before an arbitrator an award was entered under section 19 (b) of the Compensation Act, Cahill's St. ch. 48, ¶ 219, and it was found that the period of temporary total disability still existed at the date of the award; alleged that the award ''stated that Stilo was entitled to receive from Kramer & Co. $18 per week for a period of 31 weeks (that being the period of temporary total disability)''; alleged that ''the sum of $126 had been paid on account of said injury''; denied that subsequent to the date of the award (November 25, 1929) it settled Stilo's claim for $1,500; and denied that it holds or is the custodian of the alleged settlement moneys for petitioner.

It is further alleged that subsequent to the date of the award, and some time prior to September 5, 1930, James Stilo filed with the industrial commission, ''a Petition for Review, under section 19 (h) of the Workmen's Compensation Act,'' wherein he alleged that the injury to him ''had increased subsequent to the entry of the award of November 25, 1929''; that on Septem-

ber 5, 1930, Stilo filed with said commission *another* petition, under section 19 (b) of said act, wherein he alleged that "his disability did not terminate on the date of the hearing before the arbitrator, to wit, on October 25, 1929, nor did the disability terminate on the date of last payment of compensation, to wit, on November 26, 1929, but has extended beyond these dates and until the present time" (i. e., September 5, 1930), and wherein he further alleged that he "still continues to be disabled and believes he will continue to be disabled for a great length of time and *perhaps permanently*," and wherein he prayed that *"another hearing* may be had under said section 19 (b), and that at that time the arbitrator hear further proof and additional evidence as to the nature and extent of his disability, and make an award in conformance with the statutes in such cases made and provided''; that said last mentioned petition, filed September 5, 1930, has come up for hearing numerous times before the commission, but, because of Stilo's absence the hearing was each time continued; and that the petition is still pending before the commission and undisposed of.

It is further alleged that on May 1, 1931, Kramer & Co. filed a petition before said commission under section 19 (d) of said act (copy of petition set out in full); that the petition has come up for hearing before the commission at numerous times, but, although defendant has been ready to substantiate its allegations by proof, the hearing has each time been continued because of the absence of Stilo; and that the petition is still pending before the commission and undisposed of. In the petition mentioned Kramer & Co. alleged that in April, 1929, James Stilo, its employee, sustained an accidental injury, arising out of and in the course of the employment; that petitioner has been paying compensation to Stilo at the rate of $18 per week from April 23, 1929, to November 23, 1929 (31 weeks), and in addition thereto has provided necessary

medical, surgical and hospital services as required by law; and that Stilo "persists in unsanitary and injurious practices which tend to imperil or retard his recovery, and has refused to submit to such medical, surgical or hospital treatment as is reasonably essential to promote his recovery." The prayer of the petition is that upon a hearing the "commission determine whether or not the compensation due or to become due said employee shall be reduced or suspended as provided by paragraph (d), section 19 of the Workmen's Compensation Act."

In its answer also Kramer & Co. denied that the claim or right of action of Stilo, or the settlement, is a property right, as stated in complainant's petition, and alleged that the same by the provisions of section 21 of the Compensation Act, Cahill's St. ch. 48, ¶ 221, cannot be "assigned" by him to complainant; and that this court "has no jurisdiction over the subject matter in the present proceeding, for the reason that the alleged claim, settlement, action or right of action is not a property right within section 11 of the Husband and Wife Act of Illinois."

During April, 1932, there was a hearing in open court upon the petition and answer, and considerable oral and documentary evidence was introduced by each party. The following facts in substance were disclosed: In April, 1929, James Stilo sustained an accidental injury to his right leg and to his chest, while working as an employee of Kramer & Co., and while both were operating under and by virtue of the Illinois Workmen's Compensation Act. Kramer & Co. was insured in a certain company against liability for accidental injuries received by any of its employees. To obtain compensation for his injuries, Stilo filed a petition before the Illinois Industrial Commission against Kramer & Co., case No. 152,314; that thereafter a hearing was had before an arbitrator, *under section 19 (b)* of the Compensation Act, Cahill's St. ch.

48, ¶ 219. On that hearing, as well as in subsequent proceedings before the commission, Stilo was represented by attorneys Alfred M. Loeser and Edward A. McCarthy, and Kramer & Co. by attorney George A. Bruegger, who also represented the insurance company. In the arbitrator's award, filed with the commission on November 25, 1929, he found in part that Stilo's injuries arose out of and in the course of his employment with Kramer & Co.; that his earnings during the preceding year were $1,560 and his average weekly wage was $30; that he had three children under 16 years of age; that medical, surgical and hospital services had partially been provided by Kramer & Co.; that Stilo is entitled to receive from Kramer & Co. "$18 per week for a period of 31 weeks,—that being the period of temporary total incapacity for work for which compensation is payable"; that "the period of temporary total disability *still exists at this date"*; that this award is made under section 19 (b) of the Workmen's Compensation Act; that "the sum of $126 has been paid on account of said injury"; and that Stilo "is now entitled to have and receive from respondent (Kramer & Co.) *the sum of $432,*—being the amount of compensation that *has accrued to November 26, 1929."* Sometime in February, 1930, Stilo, by his said attorneys, filed a petition with the commission, *under section 19 (h)* of the act, Cahill's St. ch. 48, ¶ 219, alleging an *increased* disability. Subsequently this petition was dismissed without prejudice, and negotiations were had between Stilo's said attorneys and Bruegger looking to a settlement of the case (still pending before the commission) by the payment of a certain cash sum by the insurance company, *provided* the commission would approve of the settlement. While the negotiations were in progress and undetermined, Stilo, by his attorneys, on September 5, 1930, filed *another* petition before the commission praying that *"another hearing* may be had *under Section 19 (b)* of the Com-

pensation Act, and that at that time the Arbitrator hear further proof and additional evidence as to the nature and extent of his disability, and make an award in conformance with the statutes in such cases made and provided." In said petition, after referring to the former award of the arbitrator of November 25, 1929, Stilo alleged that by said award he is entitled to receive the sum of $432, which sum has not been paid; that his disability did not terminate at the date of said award "but has extended . . . up to the present time"; and that he "continues to be disabled and believes that he will continue to be disabled for a great length of time and *perhaps permanently*." No action was taken by the commission on said petition, but the negotiations between said attorneys for a settlement of the case continued. Attorney Loeser (now the attorney for Mrs. Stilo) and attorney McCarthy both testified that in the latter part of September or the first part of October, 1930, attorney Bruegger said that he would settle the case for $1,500, but the testimony of attorney Bruegger, supplemented by certain letters and writings, discloses that, while Bruegger said he would *recommend* to his clients a settlement at that sum, *no settlement* at that sum or any other sum *ever was agreed to,* or ever was submitted to the commission for its approval. Thereafter Stilo's pending petition before the commission was several times called for hearing, but the hearings were continued because of Stilo's absence. The cause of Stilo's non-appearance before the commission was that, as found by the circuit court in the decree hereinafter mentioned, he, "on or about November 8, 1930," abandoned his wife, Anna Stilo, and said children, left the State of Illinois and went "to other parts and has so remained," leaving Mrs. Stilo and the children "in destitute and necessitous circumstances." On May 1, 1931, Kramer & Co. filed its petition with the commission, *under section 19 (d)* of the act, in which it prayed that the commis-

sion "determine whether or not the compensation due or to become due to said employee should be reduced or suspended for his failure to submit to proper treatment and to desist from the unsanitary and injurious practices, which imperil and retard his recovery."

At the conclusion of the hearing Kramer & Co.'s motion (that the court dismiss Mrs. Stilo's petition for want of equity) was denied, and on May 2, 1932, the decree appealed from was entered. Some of the findings of the decree (in addition to those as to Stilo's abandonment of his wife and children in November, 1930, leaving them in necessitous circumstances) are:

"1. That the court has jurisdiction of both the subject matter and the parties hereto.

"2. That all of the allegations in complainant's (Mrs. Stilo) petition as amended are fully proved . . . and that the equities of the cause are with complainant.

"7. That by virtue of the injuries sustained by James Stilo, he filed his petition before the Industrial Commission of Illinois; . . . that a hearing was had thereon and an award entered in favor of James Stilo under Section 19 (b) of the Illinois Workmen's Compensation Act; that at the time said James Stilo left the State of Illinois *the total amount due thereon was the sum of* . . . (blank); that subsequently, to-wit, on May 1, 1931, defendant, H. Kramer & Co. filed its petition under section 19 (d), *at which time there were arrearages of $1374.* . . .

"9. That said claim, *settlement* or cause of action is now the property of said James Stilo; that the said moneys *and settlement so effected* are now in the possession, custody or control of said H. Kramer & Co."

And the court in the decree ordered and adjudged:

"That said Anna Stilo be, and she hereby is, appointed *as trustee of the Estate of James Stilo,* with full power to act *in the compromise of the settlement* hereinbefore referred to, receipt the same, make out

all necessary documents either before the Industrial Commission or any other Body, for the purpose of conserving and obtaining the said funds, in accordance with the statutes in such cases made and provided.

"It is further ordered that said H. Kramer & Co. pay over to said Anna Stilo the sum of . . . (blank), as and for the property of James Stilo and as money due to James Stilo under and by virtue of the Workmen's Compensation Act of Illinois, *or* by virtue *of the said settlement* arrived at between James Stilo and H. Kramer & Co., as hereinbefore set forth. And it is further ordered that execution issue therefor."

Notwithstanding that Mrs. Stilo's petition is based upon section 11 of the Illinois Husband and Wife Act (Cahill's St. ch. 68, ¶ 11), and notwithstanding that the petition alleged and the evidence disclosed that at the time her husband abandoned her and the children (leaving them in necessitous circumstances) there was pending and undetermined before the Illinois Industrial Commission the husband's claim for compensation, upon which partial payments had been made but other sums were due and unpaid, counsel for Kramer & Co. contend that the circuit court was without jurisdiction to entertain the petition or to enter the decree appealed from or any decree. And counsels' argument is, as we understand it, (a) that James Stilo's claim, chose in action or rights before the commission are not "property" within the meaning of that word as used in the Husband and Wife Act, and (b) that under a provision contained in section 21 of the Illinois Workmen's Compensation Act (viz., "No payments, claim, award or decision under this Act shall be *assignable,*" etc.), James Stilo is the *only* person who can enforce his said claim, chose in action or rights before the commission. We cannot agree with the contention or argument. Section 11 of the Husband and

Wife Act, Cahill's St. ch. 68, ¶ 11, is as follows (italics ours):

"In case the husband or wife abandons the other and leaves the State, and is absent therefrom for one year, without providing for the maintenance and support of his or her family, or is imprisoned in the penitentiary, *any court of record* in the county where the husband or wife so abandoned or not confined resides, may on application by petition, setting forth fully the facts, if the court is satisfied of the necessity by the evidence, authorize him or her to *manage, control, sell and incumber* the *property* of the other, as shall be necessary, in the judgment of the court, for the support and maintenance of the family, and for the purpose of paying debts of the other, or debts contracted for the support of the family. Notice of such proceedings shall be given as in ordinary actions, and anything done under or by virtue of the order or decree of the court, shall be valid to the same extent as if the same were done by the party owning the property."

We are of the opinion that the word "property" in this statute should be held to include the said claim, chose in action or rights of James Stilo before the commission. In *Stahl v. Webster,* 11 Ill. 511, 516, it is said: "The word 'property' embraces money, debts, and choses in action of every kind, as well as articles that can be seen and handled." In *Pritchard v. Norton,* 106 U. S. 124, 132, it is said that "a vested right of action is property in the same sense in which tangible things are property." (See, also, *Halling v. Industrial Commission of Utah,* 71 Utah 112, 263 Pac. 78, 81.) We are also of the opinion that the prohibition (as contained in section 21 of the Compensation Act) against the *assigning* of "payments, claim, award or decision" under the act, should not militate against the further prosecution, before the commission by Mrs. Stilo, the abandoned wife, of James Stilo's claim or rights

against Kramer & Co. or the enforcement, for her benefit and that of the children, of any unpaid award or other award that the commission may properly make. In section 3 of the Husband and Wife Act, Cahill's St. ch. 68, ¶ 3, it is provided: "When the husband has deserted his family, the wife may prosecute or defend in his name, *any action* which he might have prosecuted or defended."

Counsel for Kramer & Co. also contend, in substance, that some of the findings in the decree are not supported by the evidence and that the ordering part of the decree is too broad and against the law. In our opinion there is merit in the contention. The theory of Mrs. Stilo's petition is that a settlement for $1,500 had been agreed upon, but the evidence does not support the theory and, indeed, the record discloses that during the hearing the theory was abandoned by Mrs. Stilo's attorney. And the evidence does not disclose what amount was due and unpaid upon the arbitrator's award at the time in the fall of 1930 when James Stilo left the State of Illinois; nor does the evidence disclose that on May 1, 1931 (when Kramer & Co. filed its said petition under section 19 (d) of the Compensation Act), there were "arrearages" in the arbitrator's award "of $1,374." Furthermore, we do not think that the further theory of Mrs. Stilo (viz., that the arbitrator's award of November 25, 1929, should be considered as a *continuing* weekly award) is tenable. It is inconsistent with the act of James Stilo, in filing a petition with the commission on September 5, 1930, wherein he prayed that "*another* hearing be had under section 19 (b)," and that "the arbitrator hear further proof and additional evidence as to nature and extent of his (Stilo's) disability and *make an award*." As to the first paragraph of the ordering part of the decree (above set forth), we find nothing in section 11 of the Husband and Wife Act warranting the appointment of Mrs. Stilo "as trustee of the estate of James Stilo."

The prayer of Mrs. Stilo's petition (above set forth) was in its substance in accord with the language of the statute, viz., that she be authorized "to manage, control, sell and encumber the property of James Stilo as shall be necessary, in the judgment of the court, for the support and maintenance of his family," etc. In our opinion, a decree to that effect, together with giving her the right to appear before the industrial commission to there further prosecute the claim and rights of her husband against Kramer & Co., for her and the children's use and benefit, would be proper. As to the second paragraph of the ordering part of the decree, we find no warrant in the statute for the attempted entry of a judgment or decree against Kramer & Co., as for "money due to James Stilo under and by virtue of the Workmen's Compensation Act." Such portion of the decree is contrary to the holdings of our Supreme Court in *Brand v. Brand,* 252 Ill. 134, 140, where in speaking of said section 11 of the Husband and Wife Act, it is said: "The proceeding contemplated by this section is for the purpose of subjecting property within the jurisdiction of the court to the support and maintenance of the abandoned husband or wife and the family, and *not for the recovery of a personal judgment.*"

Our conclusions are that the decree of the circuit court of May 2, 1932, should be reversed and the cause remanded with directions to the court to enter a revised decree in favor of Mrs. Stilo and against the defendants herein, in accordance with the statute and not inconsistent with the views herein expressed.

*Reversed and remanded with directions.*

Scanlan, P. J., and Sullivan, J., concur.