Pratt v. Stone.

Reversed and remanded.

---

### EMILY H. PRATT
#### v.
### ELIZABETH A. STONE ET AL.

1.  FORCIBLE DETAINER.—Appellant, finding the premises in question vacant and unoccupied, took peaceable possession of the same, claiming to be the owner.   Appellees, by their agent, procured the arrest of appellant by a policeman, without warrant, and during her absence at the police station, took forcible possession of the premises and removed appellant's goods.   *Held*, a good cause of action under the Forcible Detainer Act.

2. MOTION FOR VERDICT FOR DEFENDANT.—A motion to instruct the jury to bring in a verdict for defendant, on the ground that plaintiff has failed to make out a case, is in the nature of a demurrer to the evidence, and should be tested by the same rules.

3. DEMURRER TO EVIDENCE—DEFENDANT WAIVES HIS OWN EVIDENCE. —When a defendant demurs to the plaintiff's evidence, he must stand upon the evidence adduced by the plaintiff alone. Hence, he can not, in support of his demurrer, have the benefit of any evidence in his favor produced by a cross-examination of plaintiff or his witnesses. The defendant necessarily waives his own evidence.

APPEAL from the Circuit Court of Cook county. Opinion filed May 9, 1882.

This was an action of forcible entry and detainer brought by Emily H. Pratt against Elizabeth A. Stone, Samuel A. Downer and Augustus A. Parker, in a justice's court, to recover possession of a certain dwelling-house and premises situate in the city of Chicago, from which the plaintiff claimed, that she had been forcibly evicted by the defendants. The case having been taken by appeal to the circuit court, it was then tried before a jury. The plaintiff below was the only witness. She gave evidence tending to show that July 14, 1879, the premises in question, No. 1419 Michigan avenue, Chicago, being vacant and unoccupied, and she claiming to be the rightful owner of the same, peaceably entered and took possession of the same with her goods and in person; that while she was so in the possession of said premises, and claiming to be the owner, the defendants, by their authorized agent, forcibly and against plaintiff's will entered upon plaintiff's possession of said premises, and then and there caused the plaintiff to be arrested, without any authority in law for so doing, and to be taken from said premises and to a police station by a policeman, where she was detained some two hours, without any legal cause therefor; that during such time the defendants caused plaintiff's goods to be removed from said house, whereby, and by other illegal acts of force, the defendants obtained possession of said premises, which they have since retained.

The case shows that while plaintiff was on the stand as a witness, the court permitted the defendants' counsel, against

Pratt v. Stone.

the specific objection of plaintiff's counsel, to cross-examine the plaintiff in respect to matters as to which she gave no testimony on her direct examination, viz.: as to a prior possession of said premises, by one H. O. Stone.   There was no evidence in the case in regard to such prior possession, except that so called out on cross-examination of plaintiff; nor was there any evidence whatever tending to show any prior possession by either of the defendants, or any right in them to such possession, under said H. O. Stone.

At the conclusion of plaintiff's evidence she rested her case, whereupon defendants' counsel asked the court to instruct the jury to find for defendants, on the ground that plaintiff had not made out her case.   The court so instructed, and the jury rendered their verdict for defendants, which the plaintiff moved the court to set aside and grant a new trial.   The court refused, judgment was given against the plaintiff, and she brings the case here, assigning said instruction, among other things, for error.

Mr. E. K. SMITH, for appellant; that any entry of premises made against the will of the occupant is forcible and unlawful within the meaning of the law, though the occupant is wrongfully in possession, cited Reeder v. Purdy, 41 Ill. 279; Farwell v. Warren, 51 Ill. 467; Comstock v. Brosseau, 65 Ill. 39; Haskins v. Haskins, 67 Ill. 446; Dearlove v. Herrington, 70 Ill. 251; Fabri v. Bryan, 80 Ill. 182; Knight v. Knight, 3 Bradwell, 206.

If a party is in peaceable possession, not even the owner has the right to gain possession by force.   He must resort to his legal remedies:   Cooley on Torts, 323; Dilworth v. Lee, 52 Mo. 130; Huftalin v. Misner, 70 Ill. 205; Dudley v. Lee, 39 Ill. 339; Mann v. Brady, 67 Ill. 95; Allen v. Tobias, 77 Ill. 169; Morrison v. Kelley, 22 Ill. 610; Wilder v. House, 48 Vt. 280.

Actual possession, though without title, will enable a party to maintain forcible entry and detainer: Wall v. Goodenough, 16 Ill. 415; Graham v. Peak, 1 East, 244.

A motion to exclude plaintiff's evidence, is in the nature of

Pratt v. Stone.

a demurrer to evidence, and is erroneous, if there is any evidence tending to prove plaintiff's case: Penn. Coal. Co. v. Conlan, 101 Ill. 95; Smith v. Gillett, 50 Ill. 291; Holmes v. C. & A. R. R. Co. 94 Ill. 444; Crowley v. Crowley, 80 Ill. 469; Schonur v. Heckla Ins. Co. 50 Wis. 579.

Where there is evidence tending to establish plaintiff's case, it is error to instruct the jury to find for defendant: Hubner v. Feige, 90 Ill. 208; Geurdon v. Corbett, 87 Ill. 252; Mellick v. De Seelhorst, Breese, 171.

As to the effect of a demurrer to evidence: Phillips v. Dickerson, 85 Ill. 15; Fent v. T. P. & W. R. R. Co. 59 Ill. 349, Co. Litt. 71, 3 Black. Com. 314; Armstrong v. Armstrong, 29 Ala. 338; Donaldson v. Waters, 30 Ala. 175.

Messrs. MONROE & BALL, for appellees, cited Ill. Cent. R. R. Co. v. Cobb, 94 Ill. 55.

McALLISTER, J. The plaintiff herself was the only witness on the trial below. Her evidence, given on her own behalf, was clearly sufficient to support a verdict in her favor. It shows that the premises in question being vacant and unoccupied, she peaceably and without force, entered and had actual possession by her goods and in person; that while she was so in the peaceable possession of the premises, the defendants, by their authorized agent, entered upon that possession, against the will and without the consent of plaintiff, and caused a policeman to arrest her without any legal cause, and take her away, so that defendants could thereby obtain possession of said premises; and that by said means, and other illegal uses of instrumentalities of the law, the defendants did obtain such possession, which they have since retained. If these facts do not constitute a case—a cause of action—under the Forcible Entry and Detainer Act, then no case under that act can be made out. Such being the plaintiff's evidence, the defendants counsel asked the court to instruct the jury to find for the defendants, on the ground that plaintiff had not made out her case The court so instructed, and the jury returned a verdict accordingly. The instruction made it imperative upon them to do so. This practice of granting such instructions has, where it

Pratt v. Stone.

prevails, superseded the ancient practice of a demurrer to evidence. But answering the same purpose, it has been held that it should be tested by the same rules as a demurrer to evidence. The latter admits not only the facts stated therein, but every conclusion which a jury might fairly and reasonably infer therefrom. Phillips v. Dickerson, 85 Ills. 15, and cases cited.

From the nature of the demurrer to evidence, as exhibited in the early authorities, we find that the common law recognized, the right as resting not only with the defendant to demur in law upon the plaintiff's evidence, but that of the plaintiff to demur upon the defendant's evidence. It follows also, from the very nature of the practice, and the principles governing it, that when defendant demurred, it was solely upon the evidence of the plaintiff or that adduced in his behalf; that is, the defendant could not adduce evidence in his own behalf, either in conflict with that of plaintiff, or independent of it and in support of his defense, and incorporate such evidence in his demurrer. If he demurred to plaintiff's evidence, he must necessarily waive his own. Not to do so would be contrary to the very nature and objects of a demurrer to evidence. Co. Litt. 72 a; Baker's Case, 5 Coke, 104 a; Gibson v. Hunter, 2 H. Blackstone, 187; Cocksedge v. Fanshaw, 1 Doug. 119; Judith v. Green, 5 Rand. (Va.) 1.

This view takes from the defendants' counsel the only ground upon which they pretend to justify the giving of such peremptory instruction. They assume in argument that it appeared by plaintiff's evidence that the premises were in the prior peaceful possession of H. O. Stone, and that when plaintiff acquired possession, it was by an act of unlawful force; so that if Stone could regain his possession from the plaintiff by any means which would not amount to a breach of the peace, it was lawful for him, or those acting under him, to do so. Counsel cite the case of Ill. & St. L. R. R. Coal Co. v. Cobb, 94 Ills. 55, in support of their position. That case, and the same case in 82 Ills. 183, very tersely states the doctrine that if a party is in the peaceable possession of premises, and is put out by lawless force of another, he may re-enter and regain his possession, if he can do so without a breach of the peace, and such re-entry will not be unlawful.

But regarding this case as subject to the same rules as if the defendants had formally demurred to the plaintiff's evidence, as we are bound to, we are of the opinion that the case proper affords no facts for the application of the rule of re-entry just stated. The plaintiff's evidence adduced in her own behalf, shows a peaceable entry by her, without force, while the premises were vacant and unoccupied; it wholly fails to show any prior possession by either of the defendants, or by anybody under whom they acted.

Upon cross-examination the court permitted the defendants' counsel against the specific objection of plaintiff's counsel, to examine plaintiff u,on a matter, as to which she was not examined and did not testify on her direct examination, to the effect that one H. O. Stone had made improvements on the premises in question, and had been in possession by his tenant who was the same person who vacated before plaintiff entered. Thus going into this new matter, on cross-examination, was contrary to the settled rule of practice. Stafford v. Fargo 35 Ills. 481. The defendants must be held, so far as a demurrer t the plaintiff's evidence is concerned, to be in the same position as if they had called the plaintiff or some other person as their own witness, to prove the same facts; and by demurring to plaintiff's evidence to have waived such evidence adduced in their own behalf and by way of their defense. But aside from that, the case is wholly wanting in evidence of facts connecting the defendants with the title of H. O. Stone. The case above cited by defendants' counsel is a very instructive one upon that point. It is true the defendants are called in the case, the trustees of the estate of H. O. Stone. But the mere calling them such, is not sufficient to warrant the court in holding, as matter of law, that they would be justified in this forcible removal of plaintiff, if Stone would. But he would not, unless the plaintiff had taken possession from him by lawless force, which is not the fact. In any light we may view this case, under the circumstances, the peremptory instruction to find for the defendants seems to us erroneous. The judgment must be reversed.

Reversed and remanded.