HARRIET P. HACKLEY v. MUSKEGON CIRCUIT JUDGE.

CHAS. H. HACKLEY v. SAME.

*Substitution of attorneys—Waiver of error.*

1. A client is always entitled to be heard as to his representation before the court; and a change therein, made ex parte by one or all of the counsel, is a nullity if made without the client's concurrence or consent.

2. A client has a right to waive errors and exceptions and the right to

move for a new trial, and will be bound by such waiver unless it is made invalid by some cause pertaining to the client; it cannot be set aside by any one else.

Mandamus.   Submitted Nov. 10.   Granted Nov. 18.

*W. P. Traphagen* for relator Harriet P. Hackley.

*Blair, Kingsley & Kleinhans* for relator C. H. Hackley.

*Francis W. Cook* for respondent.

CAMPBELL, J.   Both of these applications are for the purpose of obtaining writs of mandamus to compel the respondent to vacate an order made by him to strike from the files a waiver of errors signed by Harriet P. Hackley, in a proceeding begun by her in the probate court of Muskegon county, asking a temporary allowance during probate proceedings, and appealed to the Muskegon circuit.   So far as necessary for the present hearing, the case is as follows:

Porter Hackley died in June, 1884, leaving a will.   Proceedings were begun to procure its probate soon after.   The relator Harriet P. Hackley claims to be ·his widow.   This was and is denied by the other relator, who is executor.   The will was probated in November, 1884, and the probate was affirmed in July, 1885.

After the probate of the will, and in the latter part of November, 1884, Harriet P. Hackley filed a petition in the Muskegon probate court claiming to be widow and asking an allowance from the estate.   The probate court granted her $1131 for the past, and $29 a week for the future, pending the settlement of the estate.   On appeal to the circuit court, the jury found she was not the widow, and the application was dismissed with costs on June 20, 1885.   At the same time an order was made that she have sixty days to settle exceptions, or move for a new trial.   This time would expire August 20, 1885, and was extended by two extensions to October 6, 1885, and since to November 15.

On the first day of October, 1885, Harriet P. Hackley executed and acknowledged and filed a written instrument

waiving all errors and exceptions, and the right to move for a new trial, and consenting that the verdict and judgment stand as final and conclusive.

On the 7th day of October, Charles C. Chamberlain in the name of Chamberlain & Traphagen, purporting to act in her name, but without her authority to do so, moved to strike this paper from the files, on the ground that it was a fraud on Chamberlain, who claimed to hold an assignment of Mrs. Hackley's rights in the estate of Porter Hackley of all beyond $25,000. This assignment is alleged in substance as made September 2, 1884. Although the affidavit of Mr. Chamberlain contains a great many charges and accusations, this is the only fact based on knowledge which in any way concerned relators, or which now concerns them. Counter-affidavits were filed, denying all the merits. The circuit court ordered the paper to be stricken from the files, giving until November 1st to all parties in interest " to take such steps in regard to the granting of such motion as they may be advised."

Charles H. Hackley moved on October 15, to vacate this order, which was refused. Harriet P. Hackley made a similar motion, setting up a good many very strong facts in regard to the course taken on the trial of the controversy and concerning the acts of Chamberlain. Her application was signed and sworn to personally by her, and the application was made in her behalf by William P. Traphagen appearing specially. The court declined to hear this application. It appears by the judge's return that he did so because on the 13th of October, an order was entered by Chamberlain in the name of Chamberlain & Traphagen, substituting himself as Mrs. Hackley's attorney in place of the firm.

Mr. Chamberlain's action in that regard, without the concurrence or consent of Mrs. Hackley, was a nullity, and the court had no right to refuse her a hearing on her own petition, under any circumstances. It is the duty of every court to hear parties in regard to their representation, and a change made ex parte by one or both attorneys could not preclude the client from a right to be heard on the matter. But in

the view we take of the case, inasmuch as both relators ask the same relief, we can dispose of the controversy as it stands.

The application for an allowance during the pendency of the controversy is made and granted for the sole benefit of the widow—if she be a widow—and is not payable to any one else. It is not intended to be assigned. In the present case it was not attempted to be assigned. The assignment set up by Chamberlain was made a considerable time before this application was presented, and covers her interest in the estate as alleged widow. It could not cover the future contingent grant—not then even asked for—of an allowance during the controversy. She had a right to waive it at any time, and the waiver would bind her unless invalidated by some reason peculiar to herself. It could not be avoided by any one else.

The only possible way in which Chamberlain can be prejudiced is by the finding of the jury that Mrs. Hackley was not the widow of Porter Hackley. We are not disposed to consider at this hearing what would be the effect of that finding if set up in any other controversy. We are now only concerned with the right of Mrs. Hackley to waive her own rights to this allowance. That she could do so we have no doubt, and the waiver was lawfully filed, and must have such effect as in law it may properly have. What that effect may be must be determined in some other way than by striking it from the files, and we shall not anticipate what course Mr. Chamberlain may have a right to take.

The mandamus must be granted, with costs for each relator against Chamberlain.

The other Justices concurred.