B. A. L. THOMSON, Appellant, *vs.* A. H. PATEK *et al.* Appellees.

*Opinion filed June 18, 1908—Rehearing denied October 7, 1908.*

1. APPEARANCE—*what does not constitute apparent authority for attorney to appear.* The fact that two of the defendants to a replevin suit were office associates of an attorney and employed by the same collection agency does not justify any inference of the attorney's authority to enter their appearance.

2. SAME—*what is not a waiver of jurisdictional defects.* Where the sole ground of a motion to vacate a judgment is that the court did not obtain jurisdiction of defendants because there was no service of process and that the attorney who entered their appearance had no authority, the fact that the affidavit of the attorney, after stating that he had no authority, attempts to show where and to what extent he appeared, does not call for an exercise of jurisdiction by the court such as waives jurisdictional defects and validates the judgment.

3. REPLEVIN—*what shows a meritorious defense to action.* A valid defense to an action of replevin is established by a warehouse company by showing that the goods in question were surrendered to the plaintiff in pursuance of an order obtained by him in a bankruptcy proceeding in the District Court of the United States.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

GEORGE I. HAIGHT, and THOMAS M. HEADEN, for appellant.

MAYER, MEYER & AUSTRIAN, for appellee the Lincoln Warehouse and Van Company.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

On August 14, 1901, the appellant, B. A. L. Thomson, commenced a suit in replevin in the circuit court of Cook county against the appellees, A. H. Patek, R. T. Barry, the Lincoln Warehouse and Van Company, and others, for the possession of property levied upon under a writ of attachment against Alice A. Neall and stored in the warehouse of the Lincoln Warehouse and Van Company. There was never any service of process on any of the defendants. The suit was dismissed as to a railway company which was one of the defendants, and on October 11, 1901, Willis E. Thorne, an attorney, filed his appearance in behalf of the remaining defendants and filed a general demurrer to the declaration. On October 28, 1901, under leave of court, the plaintiff filed an amended declaration in trover. Certain creditors of Alice A. Neall filed in the District Court of the United States a petition to have Alice A. Neall declared a bankrupt. Plaintiff and Louis G. Thomson filed their intervening petition in the bankruptcy proceeding, claiming that they were entitled to the property, and on December 20, 1901, by order of the district court the property was delivered to them. No further move was made in the suit in the circuit court for five years, when an order was entered on October 29, 1906, overruling the demurrer. The record recited that the order was by agreement made in open court, and it was further ordered that all defendants served should plead within two days. Other attorneys were substituted as attorneys for two of the defendants and on that day filed a plea for them. On November 14, 1906, the plaintiff dismissed his suit as to the two defendants for whom the plea was filed and an order was entered defaulting the appellees, who were then the only remaining de-

fendants. A jury was empaneled to assess the plaintiff's damages and assessed the same at $3581. The court entered judgment on the verdict. On the last day of the same term the defendants entered their motion to vacate the judgment, and the motion was continued. On the second day of the next term another like motion was entered for the same purpose. The motions to vacate the judgment came on to be heard and were supported by affidavits setting up the fact that none of the defendants were ever served with process and showing that none of them had any notice or knowledge of the bringing of the suit; that the attorney, Willis E. Thorne, was never authorized by any or either of them to enter their appearance, and that his action in doing so was without their knowledge, acquiescence or authority. The court vacated the judgment. The plaintiff then obtained a rule on the defendants to plead to the declaration. Pleas were filed and the cause was brought to an issue, and on motion of the plaintiff was set for trial on February 8, 1907, at 9:30 o'clock A. M. When the case was called for trial, the plaintiff failing to prosecute the suit, it was dismissed for want of prosecution and judgment was entered against him for costs. From that judgment he appealed to the Appellate Court for the First District. The branch of that court affirmed the judgment, and this further appeal was prosecuted.

A reversal of the judgment is asked upon three grounds: That the affidavits presented in support of the motion did not show a want of authority in Thorne to enter the appearance of the defendants; that the defendants, by filing a general appearance and asking for a vacation of the judgment on grounds which were not jurisdictional as well as those which were jurisdictional, validated the judgment; and that the affidavits did not show a meritorious defense to the action.

The affidavits of the several defendants and of Thorne all showed that he was never authorized to enter the ap-

pearance of defendants or either of them, and that they
had no knowledge of the suit or of his action. The only
ground suggested as giving the attorney apparent author-
ity is, that two of the defendants were office associates of
the attorney and employed by the same collection agency.
That fact would not justify an inference of authority to
appear for those defendants in a suit brought against them,
and there is no pretense that the attorney was connected
in any way with the Lincoln Warehouse and Van Company.
Counsel are agreed that the court had power to set aside
the judgment for want of jurisdiction upon a motion made
after the term, and that, the judgment being a unit, if
there was no jurisdiction as to one of the defendants it
would have to be set aside as to all. The court was clearly
right in finding that it did not acquire jurisdiction of either
or any of the defendants.

In arguing that the defendants validated the judgment
by appearing and making their motion to vacate it, coun-
sel invoke the rule that a party questioning the jurisdiction
of a court must confine his motion to a denial of the juris-
diction and to the specific purpose of showing that he was
not before the court, as held in *Abbott* v. *Semple,* 25 Ill.
107, *Flake* v. *Carson,* 33 id. 518, *Nicholes* v. *People,* 165
id. 502, and *Ladies of Maccabees* v. *Harrington,* 227 id.
511. The rule that a party who calls upon the court to ex-
ercise jurisdiction in the cause waives jurisdictional defects
does not apply to this case, for the reason that the defend-
ants did not ask the court to exercise any jurisdiction or
do anything except to vacate the judgment. The ground
of the motion was that the court did not obtain jurisdic-
tion of them and therefore the judgment was void. The
basis of the argument is found in the affidavit of Thorne,
who, after stating that he had no authority to enter the
appearance of the defendants and file a demurrer, denied
that he ever appeared afterward. His affidavit stated that
he never agreed to have the demurrer to the declaration

overruled, or that a rule should be entered on the defendants who had been served, to plead within two days, and that he never received any notice of the subsequent proceedings, as required by the rules of the court. The only purpose of this statement was to show where and to what extent he appeared for the defendants, and they did not ask to have the court make any order except to vacate the judgment. They rested their claim wholly on the ground that there was no jurisdiction over them, and their only object was to get rid of a void judgment. The motion for that purpose could not give vitality to the judgment, and as said by this court in *Klemm* v. *Dewes,* 28 Ill. 317, to hold that it did so would be to hold that a denial of validity would give the judgment force and effect, which would reverse all the presumptions arising from human action.

It was assumed by defendants in making the motion, and it is still assumed in the argument in their behalf, that it was necessary to show a meritorious defense in order to have the void judgment vacated. On that assumption it is contended by the other side that the court erred in vacating the judgment for want of such a showing. The defendants did not call upon the court to exercise any equitable power or judicial discretion in vacating the judgment, but assailed it as being void for lack of jurisdiction in a court of law, where they had a legal right to demand that it should be set aside, and we do not intend to be understood as holding that in such a case they were bound to show a meritorious defense. Without deciding that question, we content ourselves with saying that the Lincoln Warehouse and Van Company did show such a defense by showing that the goods were surrendered to the plaintiff and Louis G. Thomson in pursuance of an order obtained by them in the District Court of the United States.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*