(No. 19093.—

HAROLD JACOBSON, Defendant in Error, *vs.* MAX ASH-
KINAZE, Plaintiff in Error.

*Opinion filed October 19, 1929—Rehearing denied Dec. 6, 1929.*

AARON R. EPSTEIN, for plaintiff in error.

JACOBSON, MERRICK & LATTER, (CAMERON LATTER, of counsel,) for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Harold Jacobson, a minor, by A. W. Jacobson, his next friend, brought an action of trespass on the case against Max Ashkinaze in the superior court of Cook county. An *ex parte* jury trial resulted in a verdict in favor of the plaintiff for $25,000, and judgment followed. After the expiration of the term at which the judgment was rendered, Ashkinaze, the defendant, filed a written motion under section 89 of the Practice act to vacate the judgment and for other relief. The plaintiff demurred to the motion, the demurrer was sustained and the motion was denied. The defendant prosecuted an appeal to the Appellate Court for the First District, and that court affirmed the superior court's order. Upon Ashkinaze's petition a writ of *certiorari* was granted, and the record is here for a further review.

The declaration in the action of trespass on the case consisted of one count and was filed on October 24, 1919. The plaintiff charged that the defendant on July 28, 1919, while operating his automobile along South Wabash avenue near Fifty-fifth street, in the city of Chicago, carelessly and negligently struck the plaintiff, a boy of tender years exer-

cising due care and caution for his own safety, and injured him. The damages were laid at $25,000. A plea of the general issue was filed in behalf of the defendant by Pierre G. Beach, his attorney. On October 11, 1920, the cause was stricken from the docket of the superior court. Subsequently, on December 30, a document purporting to be a withdrawal of the appearance of Beach as the attorney for the defendant and the entry of the appearance of J. Kentner Elliott as the latter's attorney was filed in the office of the clerk of the court. On February 14, 1921, the attorneys for the plaintiff served a notice upon attorney Elliott that on the next day they would ask that the cause be placed at the foot of the trial call. The motion was made and the court vacated the order striking the cause from the docket, reinstated the cause and set it for trial on February 16, 1921. The case was called on March 17 and a jury was impaneled. On the following day an additional count to the declaration, charging wanton and malicious conduct on the part of the defendant in driving the automobile, was filed. A special interrogatory based upon that count was submitted to the jury and answered in the affirmative. The jury found the defendant guilty and assessed the plaintiff's damages at $25,000. The trial was an *ex parte* one, for the defendant was not present either in person or by counsel. The court entered a motion for a new trial in behalf of the defendant. On March 19, 1921, the motion was denied and judgment was rendered on the verdict. No execution was ordered until May 10, 1923, when a body execution was issued.

On June 8, 1923, counsel now appearing for the plaintiff in error notified the attorneys for the plaintiff in the action and attorneys Beach and Elliott that he would on the next day ask leave to enter his appearance as attorney for the defendant and present the latter's written motion, first, to vacate the judgment, the order denying the motion for a new trial, the verdict and the order reinstating the

cause; second, to strike from the files the special interrogatory with the jury's finding thereon, the additional count and the purported substitution of attorneys; and third, to quash the execution issued on the judgment.

After setting forth the proceedings taken in the cause it is alleged in the motion that when the defendant was summoned in the original action he engaged attorney Beach to defend him; that Beach accepted the employment and informed the defendant that his rights would be protected, that he would be notified when the case needed his further attention, and that it would not come to trial for several years, if ever; that the defendant first heard in May, 1923, that a judgment for damages in a large sum had been recovered against him; that he thereupon telephoned the office of attorney Beach but was told that the latter was absent; that upon further inquiry he was informed that the suit had been dismissed, and that shortly thereafter his present counsel made an investigation at his request, which disclosed the existence of the judgment. It is further alleged in the motion that the defendant had no notice prior to the middle of May, 1923, of the motion to reinstate the cause or of the subsequent proceedings which culminated in the rendition of the judgment and the issuance of the execution; that the defendant was not acquainted with attorney Elliott nor was he informed of his attempt to succeed attorney Beach, and the attempted substitution was made without the defendant's knowledge, consent or acquiescence; that Beach had no authority from the defendant to substitute an attorney in his place and no order for that purpose was entered in the cause; that Elliott was not empowered to accept service of the motion to vacate the order striking the cause from the docket and to reinstate it; that the plaintiff and his attorneys knew that the notice served upon Elliott was void and that the defendant would have no notice of the order of February 15, 1921, vacating the order of October 11, 1920, and reinstating the cause;

that they also knew that by the order of February 15, 1921, the cause would be improperly placed on the trial call and that any judgment rendered pursuant thereto would be void; that attorney Beach had no notice of the proceedings taken; that in procuring the judgment without notice to the defendant or to attorney Beach the plaintiff and his attorneys committed a fraud both upon the court and the defendant; that Beach's want of authority to substitute Elliott as the defendant's attorney and Elliott's lack of power to accept service of notice on behalf of the defendant did not appear in the record of the cause and were unknown to the court, and that if the court had been cognizant of these facts and of the fraud committed the proceedings would not have been taken and the judgment would not have been rendered.

Other allegations of the motion are, that the additional count charging the defendant with wanton and malicious conduct in driving his automobile against the plaintiff stated a cause of action different from that set forth in the original declaration and was filed without leave of court; that the special interrogatory was predicated upon the additional count, and that the interrogatory and the answer thereto were not based upon any issue presented by the declaration and plea and should be stricken. The motion concludes with the statement that the defendant has a valid defense to the suit; that his defense is, that while he was driving his automobile at a speed of seven or eight miles an hour in the right-hand portion of the street the plaintiff suddenly ran from the sidewalk into the street and collided with the side of the automobile; that he had no notice of the plaintiff's approach or opportunity to stop the car in time to avoid the accident; that the plaintiff is eleven or twelve years of age, attends school and appears to be in excellent health, and that even if the defendant were liable to the plaintiff, as claimed by the latter, the judgment for $25,000 would be excessive.

Leave to enter in behalf of the defendant the appearance of counsel who made the motion and to file the motion itself was granted. On December 31, 1927, the plaintiff's demurrer to the motion, theretofore filed, was sustained and the motion was denied.

The question presented for determination is whether, taking all the facts well pleaded in the motion and admitted by the demurrer to be true, the plaintiff in error is entitled to the relief authorized by section 89 of the Practice act. That section (Cahill's Stat. 1927, p. 1953; Smith's Stat. 1927, p. 2086), provides: "The writ of error *coram nobis* is hereby abolished, and all errors in fact, committed in the proceedings of any court of record, and which, by the common law, could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of final judgment in the case, upon reasonable notice."

The purpose of the writ *coram nobis* at common law, and of the statutory motion substituted for it in this State, is to bring before the court rendering the judgment matters of fact not appearing of record, which, if known at the time the judgment was rendered, would have prevented its rendition. Illustrations of such matters are the disability of the parties to sue or defend, the failure of the clerk to file a plea or answer, and the omission to interpose, through fraud, duress or excusable mistake and without negligence on the part of the defendant, a valid defense existing in the facts in the case. The motion is not available to review questions of fact which arise upon the pleadings or to correct errors of the court upon questions of law. (*People* v. *Crooks,* 326 Ill. 266; *Village of Downers Grove* v. *Glos,* 316 id. 563; *Marabia* v. *Mary Thompson Hospital,* 309 id. 147; *Chapman* v. *North American Life Ins. Co.* 292 id. 179; *People* v. *Noonan,* 276 id. 430; *Cramer* v. *Illinois Commercial Men's Ass'n,* 260 id. 516; *Pisa* v. *Rezek,* 206

id. 344; *Tosetti Brewing Co.* v. *Koehler,* 200 id. 369.) The essentials of the proceeding under the statute are the same as they were at common law. The pleadings are original, the issues are distinct from the principal suit, and the judgment rendered is a separate judgment. *Mitchell* v. *King,* 187 Ill. 452; *Domitski* v. *American Linseed Co.* 221 id. 161; *Smyth* v. *Fargo,* 307 id. 300.

It appears from the motion that after Beach, the attorney, had filed a plea of the general issue in behalf of the plaintiff in error the cause was stricken from the docket; that while the cause was in that condition, and hence not subject to call, Elliott was substituted for Beach as the attorney for the plaintiff in error; that the latter was not acquainted with Elliott, and had never authorized, received notice of or acquiesced in the substitution, and that no order of court allowing the substitution was made or entered of record. The motion further shows that after the attempted substitution of attorneys was made the cause was reinstated upon notice, not to Beach, the authorized attorney, but to Elliott, the substituted attorney, whose lack of authority to accept service of the notice was known to the defendant in error and his attorneys, and that the subsequent *ex parte* trial, including the filing, without leave, of the additional count charging wanton and willful conduct on the part of the plaintiff in error, the submission of the special interrogatory predicated upon that count and the jury's answer thereto, the return of the verdict and the judgment rendered thereon, took place without notice to or the knowledge of Beach or the plaintiff in error, and that the latter had no opportunity to be heard in his defense. These facts, alleged in the motion, the defendant in error admits by his demurrer.

A court may assume that a regularly licensed attorney at law who enters his appearance for a party to a cause is authorized to do so although the authority is not in writing. (*Williams* v. *Butler,* 35 Ill. 544; *Ferris* v. *Commer-*

*cial Nat. Bank,* 158 id. 237; *Bell* v. *Farwell,* 189 id. 414). An attorney who has entered his appearance of record in a cause for a client pursuant to the latter's authority may not terminate his relationship with his client until there is a withdrawal of his appearance entered of record by leave of the court. (*Hollan* v. *Kepner,* 297 Ill. 332; *Krieger* v. *Krieger,* 221 id. 479; 1 Thornton on Attorneys at Law, sec. 139). A substitution of one attorney for another is a nullity if made without the client's consent or concurrence, and a party is not chargeable with notice to an attorney when the relation of attorney and client does not exist between them. (*Hackley* v. *Muskegon Circuit Judge,* 58 Mich. 454; 1 Thornton on Attorneys at Law, secs. 146, 151; 1 Tidd's Practice,—3d Am. ed.—p. 94). An attorney acting without authority cannot by his acts in court bind a party to the suit, and a notice to such an attorney, only, is not notice to the party. A judgment rendered under such circumstances may be vacated even after the term of its rendition has expired. *Thomson* v. *Patek,* 235 Ill. 341.

Beach did not withdraw his appearance as the attorney for the plaintiff in error either by his client's consent or the court's permission. Elliott had no authority to represent the plaintiff in error and the latter had no notice or knowledge of the substitution. To charge the plaintiff in error with notice, actual or constructive, of the *ex parte* trial, notice, either to Beach the attorney or to the plaintiff in error himself, of the motion to vacate the order of October 11, 1920, striking the cause from the docket and to reinstate the cause, was necessary. No such notice was given to either of them. The notice to Elliott of that motion was of no avail because he did not represent the plaintiff in error. These matters of fact did not appear of record and were unknown to the court at the time it reinstated the cause on its docket. Obviously, if these facts had been

known the court would not have rendered judgment against a party who had no notice of the reinstatement of the cause and was not chargeable with such notice. It follows that the demurrer to the motion should have been overruled and that the motion of the plaintiff in error should have been granted.

The judgment of the Appellate Court and the order of the superior court are reversed and the cause is remanded to the superior court, with directions to proceed in conformity with this opinion.

*Reversed and remanded, with directions.*