Stanley Swiercz and Rozalia Swiercz, Plaintiffs in Error, v. Albert Nalepka and Mary Nalepka, Defendants in Error.

### Gen. No. 34,257.

Heard in the first division of this court for the first district at the April term, 1930. Opinion filed December 1, 1930. Rehearing denied December 15, 1930.

EUGENE C. O'REILLY, for plaintiffs in error.

JOSEPH F. ELWARD, for defendants in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiffs brought an action of assumpsit against the defendants to recover damages for the alleged breach of a contract for the exchange of real estate. The defendants entered their appearance and afterwards, upon notice served on opposing counsel, an order was entered extending the time within which defendants

might plead, but through misunderstanding of counsel for defendants the order did not grant defendants as much time as counsel had understood the order provided. The plea not having been filed within the time as extended, plaintiff, by their counsel, appeared in court and without notice to defendants they were defaulted and judgment entered on plaintiffs' affidavit of claim. After the term at which the judgment was entered had expired, the defendants filed a motion under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89, and upon notice moved the court to vacate the default and judgment and for leave to defend. Plaintiffs demurred to defendants' written motion, the demurrer was overruled and the judgment vacated. Plaintiffs elected to stand by their demurrer and prosecute this writ of error.

One of the questions for decision is: Did defendants' written motion allege such facts as would warrant the court in vacating the judgment and permitting defendants to plead? Section 89 of the Practice Act has been before this court and the Supreme Court for consideration on numerous occasions and since the decision in *Cramer v. Illinois Commercial Men's Ass'n,* 260 Ill. 516, construing Rule 20 of the circuit court of Cook county, great injustice has often been done where a party has been defaulted after appearance without notice. Rules 20 and 21 of the circuit court are as follows:

"Rule 20. No motion will be heard or order made in any cause without notice to the opposite party when an appearance of such party has been entered except where a party is in default or when a cause is reached on the call of the trial calendar."

"Rule 21. . . . Where a party is in default for want of appearance no notice shall be required, except upon the order of the court."

In the *Cramer* case, Rule 20 was construed, and it was held that where a defendant had filed a number

of pleas but had not filed an affidavit of merits as required by the statute, he was in default and the rule did not apply and no notice was required. Obviously with all the courts operating as they are in Cook county, no default ought to be entered where one has entered his appearance without notice, unless the law warrants it. In the *Cramer* case the only rule of the court under consideration was Rule 20.

In the instant case in construing Rule 20, we must take into consideration Rule 21. The latter rule was not before the Supreme Court in the *Cramer* case. Rule 21 provides that even where a person has not filed his appearance, the court may require that notice be given to him before his default will be entered of record. If under Rule 21 the court may require notice to a party who has been so neglectful as not to file his appearance before a default or other order is entered, *a fortiori* should notice be required where an appearance has been entered.

Construing the two rules together, as we must, we hold that under Rule 20 no order can properly be entered where an appearance is entered without notice, and that since no notice was given to the defendants in the instant case, the default judgment was erroneously entered. Rules of court when entered of record are binding on the courts and become the law of procedure in matters to which they relate when not inconsistent with the statute. *Feldott v. Featherstone,* 290 Ill. 485.

In the instant case the motion of the defendants to vacate the judgment set up that the court, in entering the default and judgment was not aware of the fact that no notice of the application for such order and judgment had been served on defendants' counsel. The purpose of the motion under section 89 is to bring before the court entering the judgment matters of fact not appearing of record. We must presume that the court was familiar with its rules and if there was error

in construing them by the trial court, the error was one of law and not of fact. *Cramer v. Illinois Commercial Men's Ass'n, supra.* But the fact which the court was not apprised of was that no notice had been given to counsel for defendants, that application would be made for default and judgment. This fact did not appear of record and warranted the court, in the instant case, in allowing defendants' motion. *Jacobsen v. Ashkinaze,* 337 Ill. 141. In that case the defendant employed counsel to file a plea. Afterwards the cause was stricken from the docket. Some time later an attempt was made to substitute different counsel for defendant. Defendant was not aware of this fact. Subsequently notice was served on counsel sought to be substituted and other proceedings had in the case. The court held that the substitution was unwarranted because defendant had no notice of the substitution, and that a motion under section 89 of the Practice act would lie. The court there said (p. 146):

"The purpose of the writ *coram nobis* at common law, and of the statutory motion substituted for it in this State, is to bring before the court rendering the judgment matters of fact not appearing of record, which, if known at the time the judgment was rendered, would have prevented its rendition. Illustrations of such matters are the disability of the parties to sue or defend, the failure of the clerk to file a plea or answer, and the omission to interpose, through fraud, duress or excusable mistake and without negligence on the part of the defendant, a valid defense existing in the facts in the case. The motion is not available to review questions of fact which arise upon the pleadings or to correct errors of the court upon questions of law." And continuing the court said (p. 148): "Beach did not withdraw his appearance as the attorney for the plaintiff in error (defendant) either by his client's consent or the court's permission. Elliott

(the attorney sought to be substituted) had no authority to represent the plaintiff in error and the latter had no notice or knowledge of the substitution. To charge the plaintiff in error with notice, actual or constructive, of the *ex parte* trial, notice either to Beach the attorney or to the plaintiff in error himself, of the motion to vacate the order of October 11, 1920, striking the cause from the docket and to reinstate the cause, was necessary. No such notice was given to either of them. The notice to Elliott of that motion was of no avail because he did not represent the plaintiff in error. These matters of fact did not appear of record and were unknown to the court at the time it reinstated the cause on its docket. Obviously, if these facts had been known the court would not have rendered judgment against a party who had no notice of the reinstatement of the cause and was not chargeable with such notice.''

Under the allegations of defendants' motion which is admitted by the demurrer, the court had no knowledge of the fact that no notice had been given counsel for the defendants. If the court had been apprised of such fact, this would have prevented the entry of default and judgment.

The order of the circuit court of Cook county vacating the default and giving defendants leave to plead is affirmed.

*Affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.