Marland Refining Company, Appellant, v. John A. Lewis and Charles Roovaart, Defendants. Charles Roovaart, Appellee.

Gen. No. 35,248.

Opinion filed December 29, 1931.

DOYLE & HACKETT, for appellant.

GEORGE J. DROBNIS and ELLIS & HACKETT, for appellee; WILLIAM F. STRUCKMANN, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

From an order entered January 21, 1931, vacating a judgment against the defendant Charles Roovaart, appellee, and granting him leave to plead, the plaintiff, Marland Refining Company, a corporation, has appealed.

The record contains a mass of irrelevant and immaterial matter, and, therefore, we have been forced to spend considerable time in ascertaining the pertinent facts that bear upon the merits of this appeal. Plaintiff sued John A. Lewis and Charles Roovaart, defendants, in an action in assumpsit. The declaration charged that the defendants were liable in damages for breach of a contract that undertook to protect plaintiff in the matter of payment for merchandise delivered to a third person. No affidavit of merits was filed with the declaration. The summons was made returnable to the July term, 1930, and personal service was had on appellee in time for that term. No service was ever had on defendant Lewis. Appellee, by his attorney, entered his appearance July 3, 1930, but no demurrer or plea was filed in his behalf. The case was placed on the trial calendar of Judge Rush. On October 18, 1930, *which was the last day of the September term of the court,* plaintiff, by its attorneys, appeared before Judge Normoyle and, on their motion, the suit was dismissed as to defendant Lewis, and appellee was defaulted for failure to plead to the declaration, and

thereupon, upon motion of plaintiff's attorneys, the court assessed plaintiff's damages at the sum of $29,846.46, and judgment was entered against appellee for that amount. It is conceded that no notice of any kind was given to appellee or his attorney that application would be made for default and judgment, and that counsel for plaintiff knew at the time they made the motions for default and judgment that the appearance of appellee had been filed in the cause. On November 12, 1930, appellee filed a motion to set aside and vacate the judgment and for leave to plead to the declaration, and in support of it he filed two affidavits. One, by the attorney for appellee, averred that he was never served with notice that the attorneys for plaintiff would ask for a default of appellee for failure to file a plea; that the cause had not been reached on the call of the trial calendar at the time judgment was entered; that at the time the judgment was entered the cause stood assigned to Judge Rush; that service had not been had upon defendant Lewis; that the declaration "was never verified by the plaintiff or anyone in its behalf and no affidavit of meritorious claim was attached to the declaration." The second affidavit, made by appellee, averred, *inter alia,* that the instrument in writing, attached to plaintiff's declaration, was not executed by appellee in his individual capacity but was executed by him as an officer of The Jewett and Sowers Oil Company, a corporation; that after it was executed by appellee and came into possession of plaintiff, the name, "The Jewett and Sowers Oil Company," had a line drawn through it by some person or persons to appellee unknown, "leaving such document apparently signed by this defendant in his personal capacity"; that appellee never signed or purported to sign said instrument "or became obligated to the plaintiff verbally or otherwise as an individual for the indebtedness mentioned and set forth in such docu-

ment or otherwise''; that the instrument sued upon had been altered and changed without the consent of the Oil Company or appellee and the instrument ''does not now correctly state and set forth the provisions of the contract as originally entered into by the parties to said contract.'' It is agreed that at the time of the entry of the judgment the following were two of the rules of the circuit court:

''Rule 20. No motion will be heard or order made in any cause without notice to the opposite party when an appearance of such party has been entered except where a party is in default or when a cause is reached on the call of the trial calendar.

''Rule 21. . . . Where a party is in default for want of appearance no notice shall be required, except upon the order of the court.''

Plaintiff did not file any affidavits in rebuttal of those filed by appellee. Instead, it filed a general demurrer to the motion, ''and each and every of the affidavits filed in support of said motion.'' On December 19, 1930, the court entered an order overruling the demurrer of plaintiff, *and the plaintiff electing to stand by its demurrer,* the court entered an order vacating and setting aside the judgment order of October 18, 1930, and granting appellee leave to file a plea of the general issue to plaintiff's declaration instanter. The plaintiff thereupon prayed an appeal from this order, which was allowed, conditioned upon its filing its bond in the sum of $500 within 30 days, and it was also allowed 60 days within which to file its bill of exceptions. Appellee filed, at once, a verified plea of the general issue and thereupon, upon motion of plaintiff, a correction was made in the judgment order of October 18, 1930. In December, 1930, the first division of this court filed an opinion in the case of *Swiercz v. Nalepka,* 259 Ill. App. 262, in which Rule 20 and Rule 21 were construed together, and it was held that under

Rule 20, when a cause has not been reached upon the trial calendar, no order can properly be entered where an appearance is entered without notice and that in such a case, where no notice is given to the defendant, it is error to enter a default judgment and it is proper to grant a motion made under section 89 of the Practice Act to vacate the default and judgment. The Supreme Court refused a certiorari in that case. (See 259 Ill. App. xv.) Because of that decision, apparently, plaintiff abandoned its appeal from the order of December 19, 1930, and on January 13, 1931, its attorneys served notice that they would, on the following morning, move the court "to permit the plaintiff in said cause, respondent in motion to set aside default heretofore entered herein, to withdraw general demurrer heretofore filed in behalf of said respondent and ask leave to file instanter stipulation to receive in evidence certain rules of said court covered by such stipulation, heretofore executed on behalf of said parties, copies of which are herewith handed you, and that we will also then and there ask leave to file instanter demurrer to the evidence introduced on the petition to set aside default heretofore entered herein." This motion was entered and continued from time to time. On January 19, 1931, the attorneys for plaintiff served notice that upon the hearing of the motion they would ask to have received in evidence certain affidavits made by the two attorneys of plaintiff. On January 21, 1931, the trial court, over the objection of appellee, entered an order vacating the order of December 19, 1930, and plaintiff then offered in evidence two affidavits made by plaintiff's attorneys, which were to the effect that at the time when plaintiff's attorneys moved for a default and judgment, on October 18, 1930, one of the attorneys stated to the court that an appearance had been filed in the cause by appellee and that no notice of the motion for a default and judgment had been

served upon the attorney for appellee. Plaintiff, over the objection of the appellee, was allowed to file the affidavits. Plaintiff then presented to the court the following demurrer:

"Demurrer to Evidence in Matter of
Motion to Set Aside and Vacate Judgment
Entered in the Above Entitled Cause.

"Be It Remembered, That no jury having been demanded to try the issue on the motion to set aside and vacate judgment entered in the above entitled cause, the Petitioner to prove and maintain the said issue on his part showed in evidence to the Court a writing in words and figures following, to-wit: (Here follows the motion made by the appellee to set aside the default judgment of October 18, 1930.)

"And the Petitioner further to prove and maintain the said issue on his part showed in evidence to the Court a writing in words and figures following, to-wit: (Here follows the affidavit of appellee's attorney made in support of the motion to vacate the default judgment of October 18, 1930.)

"And the Petitioner, further to prove and maintain the said issue on his part showed in evidence to the Court a writing in words and figures following, to-wit: (Here follows the affidavit of the appellee made in support of the motion.)

"And the Petitioner further to prove and maintain the said issue on his part showed in evidence to the Court a writing in words and figures following, to-wit:

"It is hereby stipulated and agreed by and between the Plaintiff and the Defendant Charles Roovaart, by their respective attorneys, that there were in full force and effect when judgment by default was entered in this cause against the said defendant Charles Roovaart, on the 18th day of October, A. D. 1930, certain rules of procedure regularly adopted and entered of record by the

Judges of the Circuit Court of Cook County, in the following words and figures, to-wit:

" 'General Rule 20. Notice of Motion—When Required. No motion will be heard or order made in any cause without notice to the opposite party, when an appearance of such party has been entered, except where a party is in default or when a cause is reached on the call of the trial calendar.

" 'General Rule 21. Notice of Motions—How Given. Notice to the opposite party must be in writing stating the motion, time and place of hearing, and designating the Judge before whom the same is to be made. Notice of motion for leave to amend pleadings or to file any petition, pleading or other document must be accompanied by a copy of the paper proposed to be filed. Notice of all motions together with copies of all papers in support thereof must be served upon the opposite party or his attorney or solicitor of record in any of the following methods:

" '(a) By delivering a copy thereof to the attorney or solicitor of record for the opposite party before four P. M. of the business day next preceding the day mentioned in the notice for calling up the motion, or by leaving a copy thereof at his office with some person in charge thereof in his behalf. Such service on Saturday must be had before twelve o'clock noon.

. . . .

" '(c) By depositing in the mail copies thereof, properly addressed to the attorney or solicitor for the opposite party at least thirty-six hours before the motion is to be called up for hearing; in computing such time, Sundays and legal holidays shall be excluded. When notice is given by mail the motion on presentation to the court must be accompanied by the affidavit of the person who mailed

the notice, stating the time and place of mailing, together with the complete address appearing on the envelope.

" 'Where a party is in default, for want of appearance no notice shall be required, except upon order of the court.

. . .

" 'Common Law Rule 2. Setting Aside Default.
When either party neglects to file the proper pleadings within the time fixed by law or the rule of the Court, such party shall be considered in default and may be proceeded against accordingly. Defaults will not be set aside except upon affidavit of the party, agent or attorney, filed, setting forth a meritorious cause of action or defense. In which case the default may be set aside on such terms as the Court may deem just, and the pleading for want of which such default existed, shall be filed forthwith, unless the Court shall otherwise direct.'
And Common Law Rule 1 hereinafter set forth.

"It is further stipulated and agreed that the said rules so adopted as aforesaid *may be received in evidence when motion to set aside judgment order of October 18, 1930 is called up for disposition.* (Italics ours.)

"(Signed) Doyle & Hackett
Attorneys for Plaintiff
"(Signed) George J. Drobnis
Attorney for Defendant Charles
Roovaart.

"And the Respondent, to prove and maintain the said issue on its part showed in evidence to the Court a writing in words and figures following, to-wit:

"It is hereby stipulated and agreed by and between the Plaintiff and the Defendant Charles Roovaart, by their respective attorneys, that there was in full force and effect when judgment by de-

fault was entered in this cause against the said defendant Charles Roovaart, on the 18th day of October, A. D. 1930, a certain rule of procedure regularly adopted and entered of record by the Judges of the Circuit Court of Cook County, in the following words and figures, to-wit:

" 'Common Law Rule 1. Default.

In all suits at law made returnable to any term of the Court where process has been duly served and declaration filed ten days before the first day of the term, the defendant shall plead or demur before the opening of Court on the morning of the third day, and the Plaintiff shall be entitled to judgment by default in all suits where the plea or demurrer is not so filed, unless the party has obtained an extension of the rule so to plead or demur. Any defendant entering his appearance without service will be required to plead or demur to the declaration at such time as he would be so required if he had been served with process on the day of the entry of his appearance.'

"It is further stipulated and agreed that the said rule so adopted as aforesaid *may be received in evidence when motion to set aside judgment order of October 18, 1930 is called up for disposition.* (Italics ours.)

"(Signed)  Doyle & Hackett
              Attorneys for Plaintiff
"(Signed)  George J. Drobnis
              Attorney for Defendant Charles
                            Roovaart.

"And the Respondent, further to prove and maintain the said issue on its part showed in evidence to the Court writings in words and figures following, to-wit: (Here follow the affidavits of the two attorneys for the plaintiff.)

"And the Respondent says that the matters as aforesaid so shown in evidence to the Court by the Peti-

tioner are not sufficient in law to maintain the said issue on the part of the Petitioner and that it, the said Respondent, is not bound by the law of the land to answer the same. Wherefore, for want of sufficient matter in that behalf to the Court shown in evidence, the Respondent prays judgment that the said Petitioner may be barred from having or maintaining his aforesaid action against it.

"(Signed) Doyle & Hackett
Attorneys for Marland Refining Company, Respondent."

Thereupon the following occurred: "Mr. Hackett (attorney for plaintiff): We now present an order overruling our demurrer to the evidence and praying an appeal." The following also occurred: "Mr. Ellis (attorney for appellee): You are demurring to the evidence, and you can't offer evidence on a demurrer. Mr. Hackett: I can't demur until the evidence is offered, and I am offering it. Mr. Drobnis (attorney for appellee): You demur to your own evidence. Mr. Hackett: I demur to all the evidence including yours and mine. Mr. Ellis: I object." Counsel for plaintiff then presented to the court a written order which recites, *inter alia,* "that said Demurrer to evidence filed by the said Marland Refining Company, Plaintiff, be and the same hereby is overruled, and the Plaintiff electing to stand by its Demurrer to evidence, it is Ordered, Adjudged and Decreed That order of this Court heretofore entered in this cause vacating and setting aside judgment of default against Charles Roovaart and granting leave to said Charles Roovaart to file plea of general issue be and it hereby is confirmed." This order was thereupon entered by the court and plaintiff has appealed therefrom.

It is clear that the judgment order of December 19, 1930, vacating and setting aside the judgment order of October 18, 1930, and granting appellee leave to file a plea of the general issue to plaintiff's declaration, was

the only proper one that could have been entered in view of the showing made by appellee in support of his motion. (See *Swiercz v. Nalepka, supra.*) After the decision in that case was rendered counsel for plaintiff apparently realized the futility of the appeal from the order of December 19, 1930, and abandoned it. Upon the original hearing of appellee's motion to set aside the judgment order, plaintiff had the right to offer evidence in support of the judgment but it did not see fit to do so and elected to stand by its demurrer. When the trial court vacated the default judgment and allowed appellee to plead and the latter filed his plea, he was entitled, under the then state of the record and the law, to defend against the claim of plaintiff, and the trial court had no right to take away from him that right without his consent. In our judgment, the trial court erred in vacating, upon the motion of plaintiff, the order of December 19, 1930, but, in any event, the instant appeal is without merit.

The practice of demurring to evidence is but seldom resorted to and has been superseded by less technical and cumbersome modes of procedure. (See 6 Enc. of Pl. & Pr. 439; *Rockhill v. Congress Hotel Co.*, 237 Ill. 98, 100.) "A demurrer to evidence is a statement by the party demurring, that he will proceed no further, because the evidence offered on the other side is not sufficient to maintain the issue." (6 Enc. of Pl. & Pr. 439.) "The demurrer is only applicable to the evidence of the party holding the affirmative of the issue." (Ib. 440.) "A demurrer to evidence is analogous to a demurrer in pleading, the party from whom it comes declaring that he will not proceed further because the evidence offered on the other side is not sufficient to maintain the issue." (Puterbaugh Com. Law Pl. & Pr. (10th Ed.), 106.) "Where a party demurs to the evidence the general rule is that no evidence introduced by him can be considered upon the demurrer.

He is deemed to have waived it. The demurrant attacks the evidence of his adversary, and, in the very nature of things, this attack cannot be aided by his own evidence." (6 Enc. of Pl. & Pr. 444.) "It follows also, from the very nature of the practice, and the principles governing it, that when defendant demurred, it was solely upon the evidence of the plaintiff or that adduced in his behalf; that is, the defendant could not adduce evidence in his own behalf, either in conflict with that of plaintiff, or independent of it and in support of his defense, and incorporate such evidence in his demurrer. If he demurred to plaintiff's evidence, he must necessarily waive his own. Not to do so would be contrary to the very nature and objects of a demurrer to evidence. Co. Litt. 72a; Baker's case, 5 Coke, 104a; *Gibson v. Hunter,* 2 H. Blackstone, 187; *Cocksedge v. Fanshaw,* 1 Doug. 119; *Judith v. Green,* 5 Rand. (Va.) 1." (*Pratt v. Stone,* 10 Ill. App. 633, 637. Opinion by McAllister, J.) The insertion of the evidence given on both sides "cannot regularly be done. The defendant could not by demurring cause his own evidence to be taken for true, and the court cannot without usurping the province of the jury, decide upon its truth. In principle it is not less absurd for a party to demur to his own evidence, than it would be to demur to his own plea; and it is believed that there is no precedent to be found in the English books for the former, no more than there is for the latter practice." (*Woodgate's Admx. v. Threlkeld,* 3 Bibb. (Ky.) 527.) "But when the demurrer was so framed as to let in the defendant's evidence, and thus to rebut what the other aimed to establish, and to overthrow the presumptions arising therefrom, by counter presumptions, *it was the duty of the circuit court to overrule the demurrer, as incorrect and untenable in principle.*" (*Dormady v. State Bank,* 2 Scam. (Ill.) 236, 244. Italics ours.) It is plain that counsel for plaintiff have

mistaken the office of a demurrer to evidence. Counsel for appellee, upon the hearing, called attention to the fact that plaintiff could not include in its demurrer to the evidence the affidavits offered in its behalf, and that the effect of such a demurrer would be that plaintiff was demurring to its own evidence. Counsel for plaintiff thereupon insisted that it was demurring to all the evidence offered by appellee and plaintiff. Counsel for plaintiff did not, in the demurrer to the evidence, nor by any motion, ask that appellee be directed to join in demurrer. The proper practice, of course, was to ask the court to direct appellee to join in demurrer. However, in the instant case the trial court could not, under proper practice, direct appellee to join in demurrer, for the reason that a party holding the negative of the issue cannot after introducing repellant testimony demur to the evidence and compel his adversary to join in demurrer. (See cases already cited.) Counsel for plaintiff, without waiting for the trial court to pass upon the sufficiency of its demurrer, stated: "Mr. Hackett: We now present an order overruling our demurrer to the evidence and praying an appeal," and he then presented to the court a written order, which was entered and from which the appeal has been taken. The procedure insisted upon by plaintiff was not strictly a formal one but that fact is not important as, in any event, it would be the duty of the trial judge, in view of the character of the demurrer, to overrule it "as incorrect and untenable in principle." (See *Dormady v. State Bank, supra,* 244.) It is to be noted that while plaintiff was permitted to introduce affidavits to the effect that the trial court at the time that he entered the order of default and judgment knew that no notice had been given to appellee that plaintiff would move for such an order, nevertheless, plaintiff, by electing to stand by its demurrer, prevented the trial court from passing upon the issue

of fact as to whether the court knew of the lack of notice. By reason of its attitude in the trial court plaintiff has no right to argue here as to the effect of the alleged facts set up in its affidavits.

In this court plaintiff argues that the attorney for appellee was negligent in his conduct of the case and that therefore appellee is not entitled to ask relief under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89. This contention appears to be an afterthought and is without merit, as appellee was justified in relying upon the protection afforded him by Rule 20.

It would be a grave reflection upon justice if plaintiff were to prevail upon the instant appeal. The judgment order of the circuit court of Cook county is affirmed.

*Affirmed.*

GRIDLEY, P. J., and KERNER, J., concur.