In re Estate of Ignatius M. Bransfield, Deceased. The Northern Trust Company, Executor Under the Last Will and Testament of Ignatius M. Bransfield, Deceased, Appellant, v. Annette Bransfield de Ronchi, Appellee.

Gen. No. 39,409.

Opinion filed October 20, 1937. Rehearing denied November 2, 1937.

GEORGE E. BILLETT and THOMAS G. MCBRIDE, both of Chicago, for appellant.

EUGENE VINCENT CLARKE, of Chicago, for appellee.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This appeal is taken from an order entered in the circuit court of Cook county denying the motion of the Northern Trust Company, executor of the last will and testament of Ignatius M. Bransfield, deceased, to strike the motion, and affidavit in support thereof, of Annette Bransfield de Ronchi to vacate an order dismissing for want of prosecution her appeal from the probate court of Cook county and to reinstate said appeal.

The abstract shows that on January 24, 1935, Annette Bransfield de Ronchi filed the transcript of said appeal from the probate court to the circuit court; that the Northern Trust Company, executor, filed its appearance to said appeal on February 8, 1935; that on October 18, 1935, the circuit court entered an order dismissing said appeal for want of prosecution; that on December 3, 1936, the motion and supporting affidavit of Annette Bransfield de Ronchi were filed in the circuit court to reinstate said appeal; that on December 7, 1936, The Northern Trust Company, executor, filed its special appearance and its motion to strike said motion

to reinstate; that on December 8, 1936, the circuit court entered an order denying the motion to strike, vacating and reversing the order of dismissal for want of prosecution theretofore entered and reinstated the appeal; and from that order the present appeal is taken.

It is the contention of the Northern Trust Company, executor, that the order of dismissal for want of prosecution was a final order which could not be vacated, altered or amended by the trial court after the expiration of 30 or at most 60 days, the trial court having then lost jurisdiction; that said motion and affidavit for reinstatement are not in the nature of a petition or motion to correct errors of fact *coram nobis,* under sec. 72 of the Civil Practice Act, Ill. Rev. Stat. 1937, ch. 110, § 196; Jones Ill. Stats. Ann. 104.072, and rule 54 of the circuit court of Cook county.

It further appears from the record that this cause came before the circuit court on an appeal from the probate court and that the clerk of the court made a mistake and placed it upon Judge Trude's calendar.

Rule 22 of the circuit court provides: "Sec. 1. Each Judge, from time to time, shall cause to be prepared a trial calendar of causes assigned to him which have been noticed for trial in the manner hereinafter stated; and no cause shall appear on the trial calendar of any Judge which has not been so noticed for trial.

"Sec. 2. At any time after a cause is at issue either party may serve upon the other a notice to the effect that he desires the cause placed upon the trial calendar of the Judge to whom the cause stands assigned. Such notice, with proof or acknowledgment of service, shall be filed with the minute clerk of the Judge, or during the Summer Recess with the Clerk of the Court, within five days after its service. In other respects such notice shall be governed by the provisions of Rule 17 so far as applicable."

In the case of *Jacobson v. Ashkinaze,* 337 Ill. 141, the court said: "The purpose of the writ *coram nobis* at

common law, and of the statutory motion substituted for it in this State, is to bring before the court rendering the judgment matters of fact not appearing of record, which, if known at the time the judgment was rendered, would have prevented its rendition. . . .

"Beach did not withdraw his appearance as the attorney for the plaintiff in error either by his client's consent or the court's permission. Elliott had no authority to represent the plaintiff in error and the latter had no notice or knowledge of the substitution. To charge the plaintiff in error with notice, actual or constructive, of the *ex parte* trial, notice, either to Beach the attorney or to the plaintiff in error himself, of the motion to vacate the order of October 11, 1920, striking the cause from the docket and to reinstate the cause, was necessary. No such notice was given to either of them. The notice to Elliott of that motion was of no avail because he did not represent the plaintiff in error. These matters of fact did not appear of record and were unknown to the court at the time it reinstated the cause on its docket. Obviously, if these facts had been known the court would not have rendered judgment against a party who had no notice of the reinstatement of the cause and was not chargeable with such notice."

In the case of *Josten Mfg. Co. v. Harry E. Keeler,* 284 Ill. App. 646 (Abst.) this court said: "For the reason that no notice was given to defendant, which fact if known to the court would have prevented the entry of the judgment, we are of the opinion that the order of the municipal court vacating the default and giving the defendant leave to be heard upon the merits of the case, should be and hereby is affirmed."

In the instant case the court had no knowledge that the cause had wrongfully been placed on the trial calendar. Had the court known that fact he would not and could not have legally dismissed the suit.

On the question of the lack of jurisdiction of the court, the appellant in the trial court participated in the hearing without making any objection, but made motions to continue the cause, thereby showing that it submitted the matter to the jurisdiction of the court. And further, there is nothing in the record to show that they raised any point in the trial court as to the court's actions.

Other points are raised but we do not think they are of controlling importance and therefore nothing could be gained by discussing them at great length.

No notice of any kind had been served upon the appellee or his counsel and as a matter of fact the record shows that prior to the cause having been dismissed, counsel for the Northern Trust Company had died so that no one represented either party at the time the cause erroneously appeared on the trial call, when the court without being advised of the facts dismissed the said cause for want of prosecution without cause.

For the reasons herein given the order of the circuit court is hereby affirmed.

*Order affirmed.*

HEBEL, P. J., and HALL, J., concur.